## RODEMEYER *v.* RODMAN.

Where a *feme covert*, by her contract, as a promissory note, or the like, becomes liable, she may be sued at law, in the same manner as any other person.

Generally, the liability of a *feme covert* upon her contracts, is not a personal liability, but it only tends to, and can only, affect her separate property or estate.

*Prima facie*, a *feme covert* is still unable to contract—to sue and to be sued.

With reference to certain matters, however, a *feme covert* may contract, and sue and be sued.

In order to make a wife liable in her separate property, upon a contract entered into during coverture, the plaintiff should show, that such contract related to the expenses of the family, or to other proper purposes, as contemplated by section 1455 of the Code; or, that it related to her separate property; or, that the contract purports to bind herself only.

During coverture, a wife cannot be sued in law, as a *feme sole*, unless the contract is of the character contemplated by sections 1454 and 1455 of the Code.

Where in an action against husband and wife, on a promissory note executed by them, the petition did not allege that the note related to matters about which the wife may bind her separate property, under sections 1454 and 1455 of the Code; and where the wife answered, alleging that before and at the time of the making of the promissory note in the plaintiff's petition mentioned, she was, and still is, the wife o the other defendant, to which answer there was a demurrer, which was sustained by the court; *Held*, 1 That the court erred in sustaining the demurrer; 2. That if the plaintiff relied upon the liability of the wife, as a *feme covert*, he should have confessed the coverture, and avoided its effect, by setting up such a state of facts as is contemplated by sections 1454 or 1455 of the Code.

*Appeal from the Clayton District Court.*

THURSDAY, JANUARY 7, 1858.

This action was brought upon a promissory note, made by Lydia and Francis Rodman. Francis Rodman made default. Lydia answered, setting up that before, and at the time of making the note in the plaintiff's petition mentioned, she was, and still is, the wife of said Francis. To this answer, there was a demurrer, which was sustained; and judgment being rendered for plaintiff, the defendant, Lydia Rodman, appeals.

*R. Noble* and *E. Odell*, for the appellants.

*J. O. Crosby*, for the appellee.

WRIGHT, C. J.*—That at common law, a *feme covert* could not be sued, even for necessaries, is admitted. Her separate existence was not recognized, or by the coverture, it was merged in that of the husband. In equity, however, both as to her liabilities and her rights, her separate existence was abundantly acknowledged. In that court, her property, but not her person, could be made liable, through a suit instituted against herself and trustees. *Murray* v. *Barlee*, 4 Sim. 82; S. C. 3 Mylne & Keene, 209. How far she might, in equity, make a contract, which would bind her separate property, seems to have been a subject of much controversy. And we find that the books and cases abound in discussions upon the analagous questions, whether her general engagements, without any expressed intention to charge her separate estate, would be binding upon such estate. 2 Story's Eq. Jur., section 1401 and note; *Hulme* v. *Tennant*, 1 Bro. C. C. 16; *Francis* v. *Wigzell*, 1 Madd., 258; *Nantes* v. *Corroch*, 8 Ves., 189.

---

*Stockton, J. dissenting.

Without now entering upon this discussion, we shall consider the case, in reference to her rights and liabilities, under the Code, and see how far, under its provisions, she is to be treated as a *feme sole*. And, in the first place, we remark, that we do not deem it necessary, that a party shall seek his remedy in all cases against a *feme covert*, in a court of equity. But if she, by her contract, as upon a promissory note or the like, becomes liable, she may be sued at law, in the same manner as any other person. We also understand, that generally, her liability upon her contracts, is not a personal liability, but it only tends to, and can only affect, her separate property or estate. And further, that *prima facie*, she is still unable to contract, sue and be sued, as a *feme sole*. With reference to certain matters, however, she may thus contract, and sue and be sued. Except as in the Code is otherwise declared, the husband is not liable for the separate debts of the wife. But the separate debts of the wife, are only those growing out of the contracts mentioned in section 1454, which provides, that "contracts made by a wife, in relation to her separate property, or those purporting to bind herself only, do not bind the husband." And then, by the next section, it is provided that the expenses of the family, the education of the children, and such other obligations as come within the equity of this provision, are chargeable upon the property of both husband and wife, or either of them, and in relation thereto, they may be sued jointly, or the husband separately.

Under these provisions, we conclude, that in order to make the wife liable in her separate property, upon a contract entered into during coverture, the plaintiff should show that such contract related to the expenses of the family, or other proper expenses, as contemplated by section 1455; or that it related to her separate property; or that it purports to bind herself only. During coverture, she cannot be sued in law, as a *feme sole*, unless the contract is of such a character as is contemplated by the above cited sections.

Rodemeyer v. Rodman.

In this case, the coverture of the defendant, Lydia Rodman, does not appear from the petition of plaintiff, but it is first disclosed by her answer. Neither is there anything to show, that the contract is of the nature, nor that it relates to those matters, about which she may bind her separate property. We conclude, therefore, that her answer, which sufficiently avers the coverture, was a sufficient *prima facie* defence; and that if plaintiff would show, or rely upon her liability as a *feme covert*, he should have confessed the coverture, and avoided its effect, by setting up or showing such a state of case, as is contemplated by the provisions of the Code before mentioned. The rule is that she is not liable; and if he seeks to bring her within some one of the exceptions to the rule, he should plead the exception. And this, upon the familiar doctrine which is applied to minors, or others who have no legal ability to contract, except under particular circumstances, it being incumbent upon the party seeking to charge them, to show that his case comes within the exception claimed. To sustain the foregoing views, see the following cases, decided upon statutes, not ·very unlike the provisions of the Code: *Colvin* v. *Connier*, 22 Barb. 371; *Fireman's Ins. Co.* v. *Bay*, 4 Ib., 414; *Yale* v. *Dederer*, 21 Ib., 286; *Coon* v. *Brook*, Ib., 546; *Dickerman* v. *Abrahams*, Ib., 551; *Kavanaugh* v. *Brown*, 1 Texas, 481.

We do not undertake to decide, that even if the note should not have been given for some one of the purposes contemplated by the Code, the property of the wife may not, in equity, be made liable. This question is not before us, and it is unnecessary to consider it. We conclude that there was error in sustaining the demurrer to the answer, and the judgment is therefore reversed.

STOCKTON, J., *dissenting.*—I dissent from the foregoing opinion, and from the reasoning by which the majority of the court arrive at the conclusion, that the judgment of the district court should be reversed. I find no authority for holding, that the liability of the wife upon

her contracts, is not a personal liability; nor for holding that it extends to, and affects, only her separate estate. If the wife is liable upon her separate contracts, (as upon a promissory note,) I do not see how it can, with propriety, be said, that she is still *prima facie* unable to contract, and to sue and be sued. So, if the wife execute a promissory note, in conjunction with her husband, I see no sufficient reason why, in order to render her liable on such contract, it is incumbent on the plaintiff to allege and show that it was made in relation to her separate property, or to the expenses of the family, or that it was an obligation, coming within the equity of the provisions of section 1455 of the Code.

Whether the change made by the Code, in the relations of married women to their separate property, was a wise one or not, I do not undertake to discuss. But, in my opinion, the law has cast no such burden upon the plaintiff, as is placed upon him by the opinion and judgment of this court. If the defendant would be released from the obligation of her contract, its invalidity should be shown by some other fact, than that of her being a married woman, at the time of its execution. Such defence, in our opinion, is insufficient, and the judgment of the district court should be affirmed.