## ENO *v.* HUNT.

After an appeal is taken to the supreme court, the opposite party is not bound to take notice of what maybe done in the cause in the district court

When a cause is pending in the appellate court, it is irregular and improper to make any move in it in the court below, without notice to the adverse party.

An action for the value of a horse, sold under an execution issued by the defendant as justice of the peace. On the trial, at the October term, 1856, the jury returned a verdict as follows : " We, the jury, find the value of the horse to be $150 00. Judgment in favor of the plaintiff was rendered for that sum, with costs. An appeal to the supreme court was perfected in June, 1857. In September, 1857, a motion was made to amend the record of the cause, based upon an affidavit, to the effect that the jury returned the value of the horse by consent of parties; that the parties had agreed, that the liability of defendant to pay for the same, should be left to the court, as a question of law; and that the court, after full argument, had found the defendant liable, and rendered judgment accordingly. The motion was heard, but whether the defendant was present, does not appear, and amendment ordered as asked in the motion; *Held,* That the amendment made, was not " the correction of an evident mistake," within the meaning of section 1580 of the Code.

*Appeal from the Clayton District Court.*

WEDNESDAY, JUNE 8.

PLAINTIFF sues for the value of a horse sold under execution, issued by the defendant, as a justice of the peace. The issue being made up, and trial had, the jury returned a verdict as follows : " We, the jury, find the value of the horse to be one hundred and fifty dollars." Judgment was thereupon rendered in favor of plaintiff for that amount, with costs. This was at the October term, 1856, and this appeal was perfected in June, 1857. In September, 1857, a motion was made to amend the record, based upon an affidavit to the effect, that the jury returned the value of the horse by the consent of parties ; that the parties had agreed that the liability of the defendant to pay for the same, should be left to the court, as a question of law; and that the court, after full argument, had found the defendant lia-

Eno v. Hunt.

ble, and rendered judgment accordingly.    This motion was heard, but whether defendant was present, does not appear, and the amendment ordered, as asked in the motion.

*W. T. Barker*, for the appellant.

*E. H. Williams*, for the appellee.

WRIGHT, C. J.—It is very clear that the judgment was not authorized from the verdict.    There was no finding in favor of either party.    As far as the record discloses, the verdict practically amounted to nothing.    Can the subsequent proceedings aid the plaintiff?    We think not, for two reasons.

At the time the motion was made, the cause was pending in this court.    It was at least irregular and improper to make any move in it, in the court below, without notice to the adverse party.    After appeal, defendant was not bound to take notice of what might be done in the district court.

In the next place, the amendment made, was not "the correction of an evident mistake," within the meaning of section 1580 of the Code.    The evidence of the agreement referred to in the motion and affidavit, existed only in parol, and it would be a very loose and dangerous practice to admit *ex parte* affidavits, in the absence of the opposite party, a year after final judgment, and after appeal, to establish an agreement of this nature.    Such agreements should always be evidenced by the record, unless admitted.

Judgment reversed.