## McGlaughlin v. O'Rourke.

1. JURISDICTION AFTER APPEAL. The District Court has no jurisdiction of a cause after it is appealed to the Supreme Court; and has no power after an appeal to make an order correcting the record.

2. CORRECTING RECORD. The District Court should not amend its record in an action in which judgment has been rendered, execution issued and property sold, without notice to the proper party.

3. DECREE IN FORECLOSURE. A decree in foreclosure should not give the plaintiff relief not prayed for in the petition.

4. SAME AGAINST WIFE. No personal judgment can be rendered against the wife of a mortgagor, in a foreclosure proceeding, when it is not alleged in the petition that the debt secured by the mortgage is one for which her separate property is liable.

*Appeal from Dubuque District Court.*

THURSDAY, DECEMBER 19.

*Griffith & Knight* for the appellant, relied upon Code of 1851, §§ 2084, 2085; 1 Greenl. Cr. Tit. 15, chap. 1 § 15; note; *Cooley* v. *Hobart et al.*, 8 Iowa 358; *Rodemyer* v. *Rodman*, 5 Ib. 429.

*M. B. Mulkeun* and *John L. Harvey* for the appellee, argued : 1. That the return is only evidence of the service, and if the service was actually made, the evidence may be supplied at any time. *Morris* v. *The Trustees of Schools*, 15 Ill. 266 : *Wells et al.* v. *Battelle et al.*, 11 Mass. 481 ; *Irvine* v. *Scobee*, 5 Litt. 70 ; *Boyce* v. *Watson*, 3 J. J. Marsh. 498 ; *Malone, Childs & Co.* v. *Samuel*, 3 A. K. Marsh. 350 ; *Moore* v. *Purple*, 3 Gilm. 153 ; *Mason* v. *Anderson*, 3 Monr. 293 ; *Hodges* v. *Laird*, 10 Ala. 678. 2. That the judgment was properly rendered against Elizabeth O'Rourke, as she was the owner of the mortgaged property and did not join merely for the purpose of releasing her dower. *Diland* v. *Mershon et ux.*, 7 Iowa 70 ; *Cooley* v. *Hobart et al.*, 8 Iowa 338.

BALDWIN, J.—This was a proceeding by the plaintiff to foreclose a mortgage executed by Patrick and Elizabeth O'Rourke, his wife, to secure the payment of a promissory note signed by the husband alone. One Gillaspie, who claimed an interest in the mortgaged property, subject to the lien of plaintiff's mortgage, was also made party defendant.

The defendants having failed to answer, a decree was rendered in favor of plaintiff as by default, upon the 21st day of December, 1859. Judgment for the amount due on the note was entered up by order of the court against both the husband and wife, and a special execution awarded, directing the mortgaged property to be sold to satisfy said debt, and in case that such property did not sell for a sufficient sum to satisfy the said debt, a general execution was directed to issue against the property of defendants, for any balance due.

A special execution was subsequently issued and the mortgaged property sold at sheriff sale and bid in by the plaintiff. After such sale, and upon the 19th day of March, 1860, Patrick O'Rourke appealed from the judgment of the District Court to this court. Upon the day the notice of appeal was served, the District Court upon the motion of plaintiff's counsel allowed the return on the original notice to be amended. It does not appear from the record that any notice of this action of the District Court was served upon appellant, nor does it appear that defendant or his counsel were present when such order was made.. This cause was heard and determined in this court at the June Term 1860, and was reversed as to Patrick O'Rourke, and affirmed as to the other defendants.

Upon an application for a rehearing, and after a further consideration, we have come to the conclusion that the judgment against Elizabeth O'Rourke was erroneous and should also have been reversed.

The original service as against Patrick, was clearly defective. The question then to be considered was, whether the defect was cured by the amended return. In the former opinion we held that it was not.

The appeal had been taken upon the day the District Court permitted the plaintiffs to have the return amended. If the appeal was taken before this order was made, the District Court had no jurisdiction over the cause. But granting that the appeal had not been taken prior to this order, but after judgment, execution and sale of the property, and such a lapse of time, the court could not so amend its record without, at least, giving the opposite party notice of such proceeding.

The judgment as against Elizabeth O'Rourke, should be reversed, for the reason in the first place, that no such judgment was asked for in the plaintiff's petition. The prayer of the petition is for the foreclosure of her equity of redemption in the mortgaged premises. No greater relief should have been given by the court than was prayed for. But in the second place, even if such judgment had been prayed for, under the ruling of this court in the case of *Rodemyer* v. *Rodman*, 5 Iowa 429, no personal judgment could have been rendered against the wife without some allegation that it was a debt for which her separate property would be liable.

Misconceiving, as we did, in our former opinion, the construction given to §§ 2084 and 2085, of the Code, by this court in the case of *Deland* v. *Mershon and wife*, 7 Iowa 70. The judgment is

Reversed.