## CHITTENDEN & CO. v. GOSSAGE.

1. **Mortgage:** GENERAL JUDGMENT. Section 3662 of the Revision of 1860, authorizing general execution against the mortgagor where the proceeds arising from the sale of the mortgaged premises are insufficient to satisfy the mortgage debt, does not apply to mortgages executed by others than the debtor.

2. —— CASE EXPLAINED. *Deland* v. *Mershon et ux.*, 7 Iowa, 70, was a case in which one of the mortgagors was personally liable, and is not incon-sistent with this.

Chittenden & Co. v. Gossage.

*Appeal from Wapello District Court.*

FRIDAY, DECEMBER 23.

DEFENDANTS made a mortgage on their real estate to secure a debt owing to plaintiff, by two brothers of the said defendant (Samuel). They did not sign any note, nor become otherwise liable for the payment of said debt, than by the terms of the mortgage. In a proceeding to foreclose this mortgage, the District Court refused to award a general execution against said Samuel, for any balance remaining unpaid after exhausting the mortgage property. Plaintiffs appeal and insist upon this refusal as error.

WRIGHT, Ch. J. — It is in effect conceded in the argument that aside from statute one who mortgages or pledges his property by way of security for the payment of the debt of another is not personally bound for the debt; that the property is held, but not the person. Appellants rely, however, upon ch. 146 of the Rev., and especially upon § 3662, which provides that, "If the mortgaged property does not sell for sufficient to satisfy the execution, a general execution may be issued against the mortgagee, unless the parties have stipulated otherwise." It is not our opinion that this section was intended to apply to a case like that now before us. It contemplates a mortgage given by the debtor; and instead of leaving the mortgagee to his right to sell and dispose of the mortgaged premises, extends the remedy to an execution against the general property of the debtor. But for the statute, in such a proceeding, he could have his foreclosure and nothing more. Under the statute, when he proceeds against the debtor mortgagee, he takes judgment for the debt, not because it is secured, but because there is a personal liability; and after exhausting the property pledged by the incident, is awarded the further general

*Margin note:* 1. MORTGAGE: general judgment.

execution. When a third person, however, makes a mortgage simply, and does not, by its terms or otherwise, assume a personal liability, he can only be required to refund to the extent of the property pledged. It is claimed, 2. —— case however, that the statute received a different construction in the case of *Deland* v. *Mershon*, 7 Iowa, 70. Some of the language there used is certainly susceptible of the view so earnestly pressed by counsel. The question now made was not, however, so distinctly made in that. Then, again, it is fairly inferable that Mershon, the mortgagor, was really one of the debtors, and personally liable as one of the firm of Mershon & Bros. This view, the writer of this opinion knows, had its influence in the determination of that case. That case is not necessarily in conflict with this, and we are not willing that language used *arguendo* shall be taken as concluding us upon a question so important in itself, and, as we regard, so free from doubt or uncertainty; and see *McGaughlin* v. *O'Rourke*, 12 Iowa, 459.