KEENEY v. LYON.

|    |     |
|----|-----|
| 21 | 277 |
| 118 | 54 |

1. Practice: NOTICE TO PARTIES OF MOTION. All parties interested should be notified of the filing of a motion to set aside a judgment rendered at a prior term; and it is error to sustain such a motion in the absence of such notice.

2. —— MOTIONS TO SET ASIDE JUDGMENTS. The law contemplates that motions to set aside judgments shall be made at the term next succeeding the one at which the entry was made; and while under some circumstances it may be made afterward, the policy of the law as well

. as a due regard for the rights of the parties interested dictate that such applications should be made at an early day.

### *Appeal from Polk District Court.*

### MONDAY, OCTOBER 15.

ON the 12th day of April, 1858, plaintiff sold to defendant about two hundred acres of land, executed a bond for a deed, conditioned to make a conveyance upon the payment of some $6,600—$2,000 within five days thereafter, and the balance in installments as therein recited. Lyon paid on this contract, say $1,100, and Keeney took possession because of the non-payment of the balance.

In September, 1858, plaintiff bought of one Leas, certain other lands, and in consideration thereof assigned to him the Lyon notes (other than the one first due) and took a bond for a deed. January 12, 1860, he instituted a suit against Leas and Lyon, to rescind this contract, alleging that Leas had no title; that he had made fraudulent misrepresentations in relation thereto, asking for a re-assignment of the Lyon notes, or any judgment thereon, with the alternative prayer that if Leas had a good title that he should be decreed to specifically perform his contract.

In 1861 (July 8), Lyon brought his action at law against Keeney, for the amount paid on his purchase of April, 1858, alleging that he (Keeney) had no title to the land; that he had forcibly and by fraud dispossessed the said Lyon, &c. Keeney answered in August, 1861, denying the fraud, setting up the pending cross-bill of Lyon, presently to be mentioned, averring a good title, a readiness to comply on his part, upon payment of the purchase-money, &c. March 10, 1860, Lyon answered the bill of Keeney, making a part thereof a cross-bill against Keeney and Leas, asking a rescission of the contract with Keeney, and judgment for the amount paid by him on his purchase. On the 11th

of March, 1862, he asked "leave to withdraw his cross-bill or cross action," and on the 14th made a written agreement by which the other parties to the controversy might proceed to take depositions without notice to him. It seems that issue was joined between Keeney and Leas; that depositions were taken; the cause continued from term to term, until July 22, 1864, when it was "settled and dismissed at plaintiff's costs," and the defendants, Leas and Lyon, had judgment for their costs. No action was taken on Lyon's application to withdraw his cross-bill; nor does it appear what disposition was made of the law action.

November 14, 1865, Lyon filed his motion to vacate the order, showing a settlement and dismissal of the cause as to him and the matters stated in his cross-bill, upon the ground that it was a mistake, and because no such order was ever in fact made as to him or his interests in said action. Of this motion Leas had no notice. It was resisted by Keeney, affidavits filed on either side, the motion granted and plaintiff appeals.

*Polk & Hubbell* for the appellant.

*S. Sibley* for the appellee.

WRIGHT, J.—In view of all the facts stated in the affidavits, and disclosed by the record, we cannot resist the conclusion that the court erred in sustaining this motion.

It will be remembered that Leas was a party to the cross-bill. He was and is directly interested in the claim there made. He bought the Lyon notes from Keeney, and the record discloses that he obtained judgment on some of them. The charge is that Leas and Keeney combined to cheat and defraud Lyon; that the sale of said notes was colorable and pretended, and without consideration; and the prayer is that the judgments recovered be declared of no effect, &c. From

1. PRAC-
TICE: no-
tice to par-
ties of
motion.

this statement it will be seen, at once, that Leas had a direct interest in the questions raised by the cross-bill, and that it would be a violation of a fundamental principle of judicial proceedings to hear and determine the motion without notice to him. After the original case was settled and dismissed, he was out of court, and was not bound, after the adjournment of the term, by anything that might be done affecting his interest, until notified of such contemplated action. If he had appeared, or if it was shown that his counsel was present and took part in the proceedings, it would be different.

But it was clearly erroneous to entertain the motion, and make an order so vitally affecting his rights in the premises, in his absence, and without notice. *Wright* v. *Leclaire*, 3 Iowa, 221. The case of *Hurley* v. *Dubuque Gas Company* (8 Id., 274), differs from this from the fact that there due notice was given of the motion to amend the record.

But a consideration, equally conclusive, is that the motion was, under the circumstances, made too late. From the record we cannot escape the conclusion that appellee had abandoned his cross-bill.

2. —— motions to set aside judgments.

Its pendency had been plead in bar of the law action, and it was after this that he asked leave to withdraw the same. His agreement, too, that depositions might be taken without notice to him, shows, beyond all fair dispute, that he intended to rely upon his law action; that he did not expect other relief, and was willing to leave the controversy to the parties more immediately interested. Upon any other theory it is inexplicable that he should, quietly and silently, permit the controversy to proceed without, in any way, taking part therein.

Not only so, but it appears by appellee's own showing, that he knew at the time that such an order (that for dis-

missal and settlement) was asked by plaintiff's attorney, and that he opposed it. True, he says the only entry ordered was a dismissal of *plaintiff's cause of action* against the appellee, and that beyond this it is erroneous. And yet the entry was made and it was his duty to take notice of it. Being present and opposing such an order, it was his clear duty to except thereto, or to take more immediate steps to correct the mistake. Instead of doing so, with his law action pending, with his request on file to dismiss his cross-bill, having waived notice of taking depositions in court at the time the order was asked and made, he waits for more than a year, and then asks, on motion, to have the order vacated and set aside.

The law contemplates that such orders should be applied for at the term next succceeding the one at which the entry was made. And while under some circumstances it may be made afterward, " the policy of the law, as well as a due regard to the rights of all the parties interested, would dictate that such applications should be made at an early day." As time passes, the mistake ought to be made more and more manifest, and the court should be fully satisfied that no prejudice could result therefrom. *Hurley* v. *Gas Company, supra ; Eno* v. *Hunt*, 8 Iowa, 436.

No such showing is made in this case. Parties would never be estopped by their voluntary action in a pending litigation, orders and judgments would have no sanctity, no conclusiveness, if upon the slight evidence produced in this case, a controversy is to be re-opened and again tried and determined.

The suggestion that the settlement and dismissal related alone to plaintiff's cause of action, we give no weight; for the language of the order, in view of the pleadings, covers more in its terms.

Then, appellee had asked to dismiss his cross action, and this motion was on file at the time of the order. He

was asking nothing, nor had he undertaken to establish anything.

We may add that we have less hesitation in thus holding, from the fact that plaintiff's law action seems to be still pending, and he can under that have all the relief which he certainly at one time, seemed to deem necessary. He is therefore not without remedy.

Reversed.

COLE, J., having been of counsel, took no part in the determination of this case.