BUCKWALTER v. CRAIG.

1. Record: CORRECTION OF: POWER OF DISTRICT COURT. Where an equitable action triable by the first method, is, by consent of parties, tried by the second method, but the record as originally made up fails to show that fact, it is competent for the District Court, by an order *nunc pro tunc*, to so correct the record as to supply such omission ; and such correction may be made after the case has been appealed to and while it is pending in the Supreme Court. Section 2667 does not deprive the court of the power to make a *nunc pro tunc* entry of this character.

2. Appeal to Supreme Court: EQUITY CASE TRIED BY SECOND METHOD. In order to bring up for review by the Supreme Court, a judgment of the court below in an equitable action tried by the second method, the same steps must be taken as in an ordinary action at law.

*Appeal from Henry District Court.*

FRIDAY, APRIL 10.

CORRECTING RECORD : POWER OF DISTRICT COURT. — Action commenced at law on a covenant of general warranty

in a conveyance of real estate, with breach duly assigned. Answer, setting up a defense, in its nature. equitable. On defendant's motion the cause was transferred to the equity docket.

. Trial and decree for plaintiff. Defendant appeals.

*Withrow & Wright* and *Bereman & Corkhill* for the appellant.

*T. W. Woolson & Son* for the appellee.

DILLON, Ch. J. — I. Under the Revision (§ 3000, subd. 4 and § 3001), the parties consented in open court to try the cause by the second method. It was so tried. A decree passed for the plaintiff. Defendant took an appeal. The record, originally transmitted and certified, failed to show whether the trial was by the first or second method.

1. RECORD: correction of.

Pending the appeal in this court, upon motion of the plaintiff, and after notice to the defendant, the District Court ordered a *nunc pro tunc* entry to be made of record, to the effect that the parties consented at the trial term to try the cause by the second method of equitable trials. An amended record to that effect was ordered to be sent to this court. Defendant moved, in this court, to strike the same from the files, for the reason—

1. That such entry *nunc pro tunc* by the court below was in violation of section 2667 of the Revision.

2. That, after appeal taken, the court below was deprived of the right to make any order in the cause.

*Held,* that defendant's motion is not well taken. *Reason:* The court omitted to enter of record the consent as to mode of trial. The fact of such consent was not controverted (so far as the record shows) in the court below. Section 2667 does not deprive the court of the power to make a *nunc pro tunc entry* of a fact of this

character. It need not be a part of the final decree. The fact that it is recited therein does not vitiate it.

Nor does an appeal so deprive the court below of jurisdiction as to preclude it from taking such action as may be necessary to correct the record of the cause.

If the correction be unwarranted, the adverse party may have this action of the court below reviewed by the appellate tribunal. This sufficiently protects his rights. If the other doctrine were sustained, the court below, after an appeal, would be foreclosed from making any entry, however palpable the omission; from correcting any record, however evident the mistake. For its *jurisdiction* cannot depend upon the nature of the omission to be supplied or mistake to be corrected.

II. The cause having been tried by the second method, and no exceptions taken on the trial, no finding of facts 2. APPEAL TO made, and no bill of exceptions or certificate SUPREME COURT. showing that this court has before it all of the evidence on which the cause was tried below, the decree must be

Affirmed.