Cole, Ch. J.
This cause and four others, involving the same or similar questions, were pending at the same time in the district court of Lee county. On the 4th day of December, 1868, an agreement, duly signed, was filed, in this ease, in said court, as follows: “This cause stands upon demurrer to plaintiff’s petition. It is agreed between the plaintiff and defendant Sample and their counsel that the *184 court may overrule the demurrer pro forma, to which the defendant Sample excepts; and it is agreed that the cause shall go immediately to the supreme court, now in session, to be heard and determined, at said term, upon written or printed arguments.”
Pursuant to said agreement, and on the same day, the court, “being advised in the premises, overruled the demurrer, to which overruling of said demurrer and ruling of the court, the defendant, by his attorney, excepts at the time.” No other order or judgment was made or rendered in any of the causes at that term. The cause was appealed to the December term, 1868, of the supreme court, and was submitted, at that term, upon printed arguments. The opinion, affirming the judgment of the district court in overruling the demurrer, was filed at the Davenp'ort term, in April, 1869, and may be found in 26th Iowa, 562.
At the February term, 1869, of the lee district court, the following entry was made, to wit: “ On motion, it is ordered that a judgment be entered at this term, as of last, Kankin & McCrary appearing as attorneys for plaintiff, and K. P. lowe for defendant, and the court, being fully advised in the premises, sustains the motion: It is, therefore, ordered and adjudged that plaintiff have and recover of defendants the sum of $1,500, with interest, from this date, at the rate of six per cent, and costs. The judgment against Sample is against him as receiver.” At the September term of the lee district court the defendants filed an application, verified by affidavit of their attorney, to redocket the cause, to substitute O. C. Hale, receiver, as defendant, in place of H. W. Sample, deceased, to set aside the mmopro i/unc order made at the February term, and for leave to answer, etc. This application set forth the death of Sample, the appointment of Hale, the agreement, the' affirmance of the judgment, the entry of the mmo pro twio order, that the same was entered without any notice *185 to defendants or attorney, and while the cause was pending in the supreme court, and that the defendants have a meritorious defense, but the facts constituting the same are not set out. This motion and application were denied, and, from the order overruling the same, affirmed by the general term, this appeal is taken.
1. Practice : tovaoateamss judgments. It is objected by the counsel for appellee that the application to set aside the judgment does not conform to the provisions of the Revision, section 3501. It is true that the application does not state the faets constituting a defense to the action, and is otherwise informal and defective. But these were defects which might have been assailed at the proper time, by a motion for a more specific statement, or, possibly, by demurrer ; and yet they cannot be made available in a trial on the merits, or by an objection on appeal.
2. — -nunc pro after appeal, The agreement above set out seems to contemplate an immediate appeal from the order overruling the demurrer. Nothing is said in it about requiring the defendant to elect to stand by his demurrer, or the rendition of judgment in favor of plaintiff upon the claim as made by the petition. Nor is there any showing whatever that the judgment was, in fact, rendered at that term and omitted to be entered, or any other fact or circumstance justifying the subsequent entry of the judgment as of that term. It was made without notice to, or any knowledge by, defendants, or their attorney, that it would be made, or even asked for. It is true, the entry itself recites that R. P. Lowe appeared for defendants, but in this direct attack upon such judgment entry it is not conclusive evidence of its own verity. It may be contradicted. Other proof in this proceeding is without conflict that the attorney did not have notice and did not appear. And further than this, it may well be questioned whether, after the entire cause was taken by appeal and.pending in the supreme court, the district court could take or acquire jurisdie *186 tion for the m a,king of any order, even upon full notice to the parties. It has been held by this court, in McGlaughlin v. O'Rourke, 12 Iowa, 459, which was a mortgage foreclosure proceeding, and in Levi v. Karrick, 15 id. 444, which was an equity case, that, when an appeal is taken and pending in the supreme court, the district court has no jurisdiction over the parties or subject-matter of the cause until remanded for its further action. If the same rule shall apply in purely law actions, then it is clear that the court had no jurisdiction to render the judgment when it did, and it is, therefore, void; for it was in no just sense a nuno pro i/uno order, but an unauthorized effort to give to the judgment then rendered a retroactive effect for some purposes. Whether the same rule as to jurisdiction does apply in appeals in purely law actions, we need not now determine, since, if it does apply, we are brought to the same result upon the facts and circumstances as shown in this case, to wit: that the judgment entry is void. It effectuates a fraud upon defendants, having been procured contrary to the agreement, and without notice, while the appeal was pending in the supreme court. The judgment called the nomo pro Umo entry being void, and set aside as fraudulent and void, the case should stand in the district court, upon its return from the supreme court, the same as it stood there at the time the appeal was taken. At that time the demurrer had been overruled, and the defendant was entitled to his election, which he has never yet made, either to stand by his demurrer, and suffer judgment to go against him, or to answer. He may now elect.
Reversed.