WEIL v. CHURCHMAN ET AL

1. **Mortgage**: INDEBTEDNESS CREATED BY: PERSONAL JUDGMENT. A mortgage in the ordinary form of a conveyance, subject to defeasance upon payment of certain sums by the mortgagor, does not create an indebtedness for which a personal judgment can be rendered against the mortgagor.

*Appeal from Warren Circuit Court.*

MONDAY, OCTOBER 27.

THIS action was brought on the following instrument:

"This indenture," made this third day of February, A. D. 1874 (eighteen hundred and seventy-four), between Michael Churchman and Hellena Churchman, his wife, of Warren county, and State of Iowa, of the first part, and Casper Weil, of Warren county, and State of Iowa, of the second part, witnesseth:

"That the party of the first part, for the consideration of one thousand, three hundred and fifty-three $\frac{53}{100}$ dollars, the receipt of which is hereby acknowledged, do by these presents grant, bargain and convey unto the said party of the second part, his

heirs and assigns, forever, the following described real estate, lying and being situated in the county of Warren and State of Iowa, to-wit:

"The northeast quarter (N. E. $\frac{1}{4}$), of the northeast quarter (N. E. $\frac{1}{4}$), of section number seventeen (17), township number seventy-six (76) north, of range number twenty-five (25), west of the 5 P. M. Iowa.

"It is fairly understood that when the mortgage is paid off Michael Churchman and Hellena Churchman bind themselves, their heirs and assigns, by these presents to make a good and sufficient warrantee deed to the Catholic congregation of Churchville of two and a half acres of land around the parish house, and if a priest be located at Churchville who can speak German and English, then the whole forty acres goes to the congregation, to have and to hold the premises above described, with all the appurtenances thereunto belonging, unto the said second party and to his heirs and assigns forever. The said party of the first part hereby covenanting that the above described premises are free from any incumbrance and they will warrant and defend the title unto the said party of the second part, his heirs and assigns, against all persons whomsoever lawfully claiming the same. Provided always, and these presents are upon this express condition, that if the said Michael Churchman, his heirs, executors or administrators, shall pay, or cause to be paid, to the said Casper Weil, his executors or assigns, the sum of 135 $\frac{36}{100}$ dollars on the first day of January, 1875; 135 $\frac{36}{100}$ dollars on the first day of January, 1876; 135 $\frac{36}{100}$ dollars on the first day of January, 1877; 135 $\frac{36}{100}$ dollars on the first day of January, 1878; 135 $\frac{36}{100}$ dollars on the first day of January, 1879; 135 $\frac{36}{100}$ dollars on the first day of January, 1880; 135 $\frac{36}{100}$ dollars on the first day of January, 1881, 1,489 dollars on the first day of January, 1882, then these presents to be void, otherwise to remain in full force.

"And Hellena Churchman, wife of the said Michael Churchman, hereby relinquishes her right of dower in the real estate herein mentioned, subject to the above reservation and conditions. In testimony whereof the said party of the first part

have hereunto set their hands and seal the day and year first above written."

The relief asked was that the plaintiff recover of the estate of Michael Churchman a specified amount, and that there be decreed a foreclosure of the instrument sued on.

The only contested matter was the right to a judgment against the estate. The relief asked was granted, and the defendants appeal.

*Henderson & Berry*, for appellant.

*J. S. McKinney* and *Williamson & Parrott*, for appellees.

SEEVERS, J.—It is claimed, and as we understand conceded, that in legal effect the instrument sued on is a mortgage. It 1. MORTGAGE: will be so regarded. Counsel for the appellee debt created by: personal practically concede that the relation of debtor and judgment. creditor must exist between the mortgagor and mortgagee, before there can be rendered a personal judgment against the mortgagor. It is further conceded that there must exist an obligation to pay independent of, or in addition to, the property before the mortgagee can obtain such personal judgment. Both these propositions are undoubtedly correct. *Chittenden & Co. v. Gossage*, 18 Iowa, 157.

The only question, then, is what is the proper construction of this mortgage. The maker admits the receipt of a certain sum of money, to repay which he pledges the property. This creates in a qualified sense the relation of debtor and creditor. That is, such relation exists to the extent of the property, but not necessarily any further. The mortgage, however, provides that "if the said Michael Churchman, his heirs, executors or administrators, shall pay or cause to be paid to the said Casper ˙ Weil" certain named sums of money, then the mortgage shall be void. This is not a promise to pay, but the reservation of the right to do so. The conveyance is not absolute, but conditional. At common law it would become absolute when the condition was broken. The statute extends the right of the mortgagor to pay, notwithstanding the failure to do so at the stipulated time, until the expiration of the period of redemp-

tion after the foreclosure and sale. The reservation of a right or privilege of paying a debt is materially different from an obligation to pay absolutely.

Looking at the instrument as a whole, we are clearly of the opinion the plaintiff is not entitled to a judgment against the estate. *Elmore v. Higgins*, 20 Iowa, 250. In this respect the judgment below is erroneous and must be reversed. In all other respects it is affirmed.

MODIFIED AND AFFIRMED.   ·