## S. S. Cox, Administrator of the Estate of George H. Cox, Deceased, v. The Chicago & Northwestern Railway Company, Appellant.

**Discretion:** GRANTING NEW TRIAL. In an action for injuries caused by defendant's engine leaving the track through alleged defects in the road bed, track and switch standard, defendant asked that the jury be allowed to view the locality of the accident, to which plaintiff agreed. At the view defendant's roadmaster operated an engine over the switches, in the presence of the jury, which had not been contemplated by the court or the parties. *Held,* that, though the jury had been instructed before the view that it was to enable them to make better application of the testimony heard in court, in view of what defendant's roadmaster did, the granting of a new trial on the ground that the jury should have been cautioned after the view not to consider their own observations as evidence, was not an abuse of discretion requiring a reversal.

REPEATING INSTRUCTIONS. When, before a view by a jury, they are cautioned not to consider their own observations, and are properly instructed as to the purpose of the view, an instruction in regard to the same matter need not also be given at the close of the trial.

**Ruling not Appealable.** Plaintiff filed a motion for a new trial embracing six grounds, and the court sustained the motion on the fifth ground. Defendant excepted and perfected its appeal. At a subsequent term, without notice to the defendant, the court amended the entry of its ruling upon the motion, so as to show the other five grounds of the motion were overruled. *Held,* that an appeal by plaintiff could not be predicated on the ruling thus made.

*Appeal from Clinton District Court.* — Hon. W. F. Brannan, Judge.

Friday, May 24, 1895.

Action for damages arising from the killing of George H. Cox. Jury trial. Verdict for defendant. Verdict set aside. Both parties appeal.—*Affirmed.*

*Walliker Bros.* and *L. A. Ellis* for plaintiff.

*Hubbard & Dawley* for defendant.

Kinne, J.—I. Plaintiff, as the administrator of the estate of George H. Cox, deceased, brings this action. He avers that deceased was a fireman on one of defendant's locomotives, and on July 12, 1892, while so engaged, and in the exercise of due care, said engine left the track near Low Moor, in Clinton county, Iowa, capsized, and fell upon the intestate, killing him. The acts of negligence charged against the defendant are that at the point where said engine left the track defendant's roadbed, track, and switch standard were out of repair; that the roadbed was water-soaked, whereby it became loose and infirm, which permitted the track to sink into the same, and to become sidling; that there was a rail in said track near where the engine left the same, which at the end thereof was one and one-half inches out of line with the one to which it was intended to be joined; that the machinery of said switch standard had become disconnected and separated, and by reason thereof the same failed to act in the manner intended by its arrangement and construction; that defendant was negligent in neglecting to make frequent and careful inspection of the roadbed, track, and switch standard, and to repair the same, and in maintaining same in a careless, negligent, improper, unsafe, and dangerous condition, and that by reason thereof said engine was thrown from the track, and plaintiff's intestate was killed; that during the evening prior to the accident there had been a heavy rain storm, extending over the greater part of

Clinton county, which thoroughly soaked the roadbed or track at the place of the accident, and caused the same to become loose and infirm, which, with the prior condition of said track and appurtenances, made the same dangerous and unsafe for trains to run over it at more than a moderate rate of speed; that the engineer of said engine on which plaintiff's intestate was firing at said time and place negligently ran said engine at a high and dangerous rate of speed, and in violation of the rules and regulations of the defendant company, and by reason thereof said engine left the track, as before stated, resulting in the death of plaintiff's intestate. Defendant denied every allegation in said petition and amendment contained. When plaintiff had rested, the jury were taken to examine the track and place of the accident. The record shows that the jury were instructed orally by the court that they would be permitted to examine the track and place of the accident, so as to make a better application of the testimony, and were instructed as to their duty while examining the track at the place where the accident occurred. Thereafter defendant moved for a verdict, which motion was overruled, and an exception taken. Afterwards the court, in the presence and hearing of the jury, said: "The duty of the jury was simply to go there to the place of the wreck, and make an examination by the eye of the place where it is claimed this accident happened, and that was their sole duty, and simply for the purpose of enabling them to have a clear comprehension of their duty in deciding the case with more clearness and decision, and to enable them to make a better application of the testimony heard in court." At the conclusion of all the evidence defendant filed a motion to direct a verdict

for it, which was overruled, and an exception taken.
The jury returned a verdict for the defendant.

2    Plaintiff filed a motion for a new trial, embrac-
ing six grounds, and the court sustained the
motion on the fifth ground on September 8, 1893; said
ground alleging error in not instructing the jury as to
the purpose of their view of the locality of the injury
and the track and appliances, and in not cautioning
them not to consider their own observations as evi-
dence.   At this time no ruling was made as to the
other grounds of the motion.   Defendant excepted to
the ruling, and on October 2, 1893, perfected its appeal
therefrom.   On February 9, 1894, and at a subsequent
term of court, and without any notice to defendant,
the court amended its entry of its ruling upon the
motion for a new trial so as to show that the other
five grounds of the motion were overruled, and plaint-
iff excepted.     February 12, 1894, plaintiff appealed
from said ruling.

II.   The jury were permitted to view the place of
the accident.   The court sustained the motion for a
new trial because he had failed to instruct the jury
with regard to the objects and purposes of allow-
3    ing them to make such a personal examination.
The facts touching this view, as disclosed by the
record (transcript), are:   Defendant's counsel asked
that the jury be allowed to go and see the place where
the accident occurred, and the track.   It was finally
agreed by both parties that at the conclusion of plaint-
iff's testimony the jury should view the place of the
accident.   After plaintiff rested, the record shows that
"the jury was instructed by the court that they would
be permitted to examine the track and place of the
accident, so as to make a better application of the testi-
mony; and were instructed as to their duty while exam-
ining the track at the place where the accident
occurred."   On the next morning, and after the return

of the jury, the following proceedings were had: "By
Mr. Walliker (plaintiff's counsel):    Your honor, I
understand that Mr. Mead, the company's road master,
who accompanied the jury on yesterday, showed the
jury the workings of the switch, and the train was run
over the tracks and through the switches.    By the
Court:    The duty of the jury was simply to go there to
the place of the wreck, and make an examination by
the eye of the place where it is claimed this accident
happened, and that was their sole duty; and simply for
the purpose of enabling them to have a clear compre-
hension of their duty in deciding the case with more
clearness and decision, and to enable them to make
better application of the testimony heard in court."
It would seem from this record that when the court
sent the jury to view the place of the accident it was
not agreed or contemplated that a train or engine
should be operated over the switch.    That that was
done is not disputed.    They were merely to view the
place of the accident, and the track.    Now, the court,
judging from his remarks made at the time he sus-
tained the motion, construed the case of *Morrison v.
Railway Co.*, 84 Iowa, 663, 51 N. W. Rep. 75, as requiring,
in all cases where a view is had, that an instruction be
given the jury touching the object of the view.    In that
case the following language was used: "When a view is
permitted, the jury should not only be instructed as to
the purpose, but cautioned not to consider their own
observations as evidence."    It was not intended, by the
language quoted, to require a specific instruction
touching the purpose of the view in cases where, before
making the view, the jury had been properly admon-
ished and directed as to the object and purpose of the
view.    Such a direction should properly be
given before the view is taken.    While it is
proper, in all such cases, and perhaps desirable,
that an instruction should also be given at the close of

the trial with relation to this matter, we do not think that it should be held that such an instruction is indispensable, when prior admonition and instructions covering the same subject had been given to the jury. If, in this case, the jury had simply viewed the track and place of the accident, and nothing more, we should be inclined to hold that, having been sufficiently instructed before the view as to its object and purpose, there was no reversible error in failing to further instruct them at the close of the trial, with reference thereto, especially as no such instruction was asked.

But it appears from the record before us that defendant's road master operated an engine over the switches in presence of the jury,—a thing which should not have been done. Under such circumstances, we cannot say that no prejudice resulted from a failure to instruct the jury fully as to the purpose and object of the view, and cautioning them not to consider or treat what they observed as evidence. We are loath to interfere with the exercise of the discretion of trial courts in granting new trials, and cannot do so unless there has been a manifest abuse of discretion. No such case is made here.

III. It is said that the error of the court, if any, in failing to instruct the jury as to the purpose of the view, was without prejudice; that under the evidence, in any event, a verdict should have been returned for the defendant. If this view is correct, then, as a matter of course, the error, if any, could not be prejudicial. It is not proper for us, in view of another trial, to discuss further than is necessary the weight of the evidence. There was uncontradicted evidence showing that the engine and train at the time of the accident were running at a rate of speed prohibited by the rules of the company. The evidence also tended to show that the derailment of the engine might have been aided, if not caused, by running upon a limb of a tree

which had been blown upon the track. What effect this negligent rate of speed may have had in derailing the engine was, we think, with other questions in the case, a matter proper to be submitted to the jury. We cannot say that the failure to instruct as to the purpose of a view was without prejudice.

IV. Plaintiff claims to have appealed. It appears that when the court ruled upon the motion for a new trial he only passed upon the one question which we have discussed. The other grounds of the motion were not decided. Several months afterwards, and at a subsequent term of court, the court, without notice to defendant's counsel, and, so far as appears, in their absence, corrected its entry or ruling upon the motion for a new trial by causing it to appear that all of the other grounds of the motion were overruled, and from this ruling plaintiff appeals. No appeal can be predicated upon a ruling thus made, at a subsequent term, without notice to, and in the absence of, defendant's counsel, and long after defendant had perfected its appeal. We discover no reversible error in the court's action in granting the new trial.— *Affirmed.*