ANDREW GUINN, Appellee, v. THE IOWA & ST. LOUIS RAILWAY CO., Appellant.

**Eminent domain:** DAMAGES: EVIDENCE. In estimating the damage to land by the construction of a railroad over the same, a witness, assuming that the road will be properly constructed and an adequate crossing put in, may consider all matters which bear directly upon the market value of the land.

**Same.** In estimating the damage to land by the appropriation of a right of way, the fact that a witness took into consideration the character of a crossing already constructed, was not a matter of which defendant could complain.

**Exclusion of evidence:** PREJUDICE. Where a witness testified that he knew the situation of a underground crossing and the character of the soil, the exclusion of further testimony as to what he had seen pass under the bridge, or the use to which the soil had been put which would enable him to judge of its character, was not prejudicial.

**View of premises:** INSTRUCTION. The object in permitting a jury to view the premises is that they may make a more intelligent application of the testimony to the issues, and not for the purpose of acquiring any new evidence.

**Allowance of interest.** In condemnation proceedings interest on the award should be allowed from the time possession of the right of way is taken.

**Appeal:** CORRECTION OF JUDGMENT. After an appeal has been taken the district court has no jurisdiction to correct the judgment entry.

*Appeal from Appanoose District Court.*— HON. M. A. ROBERTS, Judge.

MONDAY, OCTOBER 22, 1906.

UPON defendant's motion, a sheriff's jury was selected to assess plaintiff's damages by reason of condemning a right of way for railway purposes through his land. On April 16, 1902, this jury awarded plaintiff the sum of $300, and from this award he appealed to the district court. Upon a second trial to a jury in that court, plaintiff was awarded the sum of $1,550, for which amount, with $400 attorney's fees for his attorney, judgment was rendered. Defendant immediately appealed to this court. Thereafter plaintiff filed a motion for the taxation of interest, and pursuant thereto the trial court corrected the original judgment entry by ordering interest upon the award from June 4, 1902; the record reciting that this was the day suit was commenced. To this defendant excepted, and appeal was taken from the order. *Reversed* in part and *affirmed* in part.

*J. G. Trimble* and *Frank S. Payne,* for appellant.

*C. F. Howell* and *J. M. Wilson,* for appellee.

DEEMER, J.— The case has once before been in this court. See 125 Iowa, 301. Upon the second trial witnesses were permitted, in answer to hypothetical questions,

1. EMINENT DO-
MAIN: dam-
ages: evi-
dence.

to take into consideration " all the surrounding circumstances as they saw them after the railway was constructed " and " the entire situation and surroundings of the farm as you [they] saw them " and " the location of the road with reference to Horseshoe lake." This is complained of. In the same questions, however, the witnesses were directed to assume that the railway was properly constructed, and that an adequate crossing would be put in. We see nothing in the questions of which defendant may complain. *Bell v. C., B. & Q. R. R.,* 74 Iowa, 343; *King v. Midland Co.,* 34 Iowa, 459. Dreher v. R. R., 59 Iowa, 599. The question assumes proper construction of the road and an adequate crossing. All other matters which

bear directly upon the market value may be considered. See cases above cited.

II. One of the witnesses, in estimating damages, took into consideration the character of crossing which had already been constructed, which was at grade. Of this defendant complains. There was no error here for several reasons: First. Because defendant had already indicated the character of crossing it would furnish. *Doud v. R..R.,* 76 Iowa, 439; *Cummins v. R. R.,* 63 Iowa, 397. Second. Because the witness took into account as good a crossing as defendant could construct, considering the nature of the ground. Third. The matter was fully and properly covered by the instructions of the court. *Pingery v. R. R.,* 78 Iowa, 438.

**2. Same.**

III. There was an attempt to show that plaintiff had an underground crossing at what was known as " Spring Creek Bridge." Defendant produced witnesses to show the condition of the soil underneath this bridge. Plaintiff claimed that the soil was soft and " miry." Defendant's witnesses testified that it was good soil; that when it was wet it got a little soft, but that it dried out quickly. They were then asked if they had seen anything passing under the bridge, or any use put of the ground from which they were able to tell whether the soil was miry or solid. This question they were not permitted to answer. In this there was no prejudicial error. They had already stated that they knew the situation, and had testified as to the character of the soil. No prejudice resulted from the ruling in any event.

**3. Exclusion of evidence: prejudice.**

IV. Defendant asked an instruction to the effect that the jury should assume, in fixing plaintiff's damages, that an adequate and sufficient crossing would be provided, and that in estimating the damages they should assume that either a grade or undercrossing would be provided. This was refused, but one was given by the court upon its own motion which completely and fairly covered the same ground.

The jury was permitted to view the premises, and in one of its instructions the trial court said: " The purpose of viewing the premises is to enable the jury better to un-

**4. VIEW OF PREMISES: instruction.** derstand the testimony of the witnesses respecting the same, and more intelligently apply such testimony to the issues before them, and not to make them silent witnesses in the case. You will consider the evidence in the light of your view of the premises, but you must determine the facts of the case from the evidence alone. You must not base your verdict in any degree upon your examination of the premises." This is in exact accord with the rule which prevails in this jurisdiction. *Close v. Samm,* 27 Iowa, 503; *Thompson v. City,* 61 Iowa, 187; *Morrison v. R. R. Co.,* 84 Iowa, 663.

V. Lastly, it is asserted that the court erred in allowing interest on the verdict for the reasons — first, that at the time allowance was made the district court had lost 'juris-

**5. ALLOWANCE OF INTEREST.** diction of the case by reason of the appeal; and, second, because in no event could interest be allowed until defendant took possession of the land. The rule in this state is that interest is to be awarded from the time the railway takes possession. *Van Husen v. R. R.,* 118 Iowa, 366; *Hayes v. R. R.,* 64 Iowa, 753; *Hollingsworth v. R. R.,* 63 Iowa, 443. There was no testimony as to when the railway took possession, and no basis for an allowance of interest. Moreover, after appeal to this court, the district court had no right to entertain a motion to correct an error in the proceedings; it was without jurisdiction. *Levi v. Karrick,* 15 Iowa, 444; *McGlaughlin v. O'Rourke,* 12 Iowa, 459; *Jamison v. R. R.,* 87 Iowa, 265; *Turner v. Bank,* 30 Iowa, 191.

The trial court was in error in sustaining plaintiff's

**6. APPEAL: correction of judgment.** motion to correct the judgment entry and in including interest upon the verdict. The judgment should be for $1,550, as originally rendered.

There is no other error in the proceedings, and the orig-

inal judgment is affirmed.    Defendant will pay all the costs of this appeal.

Reversed in part and affirmed in part.