Ross Sergio, Petitioner, v. Hubert Utterback, Judge, Respondent.

JUDGMENT: Record—Amendment Without Notice. A trial court has no jurisdiction, after term time and after a proceeding for contempt has been removed to the Supreme Court by certiorari, to enter, *without notice to the defendant* (petitioner in certiorari), a *nunc pro tunc* amendment to the record to the effect that the defendant entered a plea of guilty in said contempt proceeding. (See Book of Anno., Vol. 1, Sec. 10803, Anno. 21 *et seq.*)

CONTEMPT: Record—Mandatory Requirement. Principle reaffirmed that the record in a proceeding for contempt must show the *evidence* or *facts* upon which the court acted. (See Book of Anno., Vol. 1, Sec. 12547.)

Headnote 1: 13 C. J. p. 101. Headnote 2: 13 C. J. p. 103.

Headnote 2: 6 R. C. L. 536.

*Certiorari to Polk District Court.*—Hubert Utterback, Judge.

November 23, 1926.

Original proceeding in certiorari to test the validity of a

judgment entered by the respondent against the petitioner (defendant below) in a liquor contempt proceeding.—*Writ sustained.*

*E. S. Thayer,* for petitioner.

*Vernon R. Seeburger,* County Attorney, and *Russell Jordan,* Assistant County Attorney, for respondent.

De Graff, C. J.—This is a certiorari to the judgment of the district court of Iowa in and for Polk County, Hubert Utterback, judge. The primary proposition relied upon by petitioner is

1. Judgment: record: amendment without notice.

that the trial court was without jurisdiction to enter without notice a *nunc pro tunc* order, presently noted, subsequently to the issuance of the writ of certiorari by this court, and to amend the return to the writ to show said order.

The historical sequence of facts is as follows: On the 29th day of May, 1925, a decree was entered in the district court of Iowa in and for Polk County, enjoining and restraining the petitioner (Ross Sergio) from maintaining a liquor nuisance. On November 16, 1925, a petition was filed, alleging the violation of said injunction by the defendant, and praying that he be cited and punished for contempt. The defendant was found guilty, and judgment was entered November 28, 1925. On December 24, 1925, upon the petition of the defendant, a writ of certiorari issued, commanding the respondent herein to certify and return, on or before the first day of February, 1926, "a transcript of the records and proceedings, as well as the facts" in said cause. The respondent did file in this court, on January 30, 1926, a return. Subsequently, and on May 1, 1926, an amendment to the return was filed in this court by the respondent, which recited:

"That, on the 30th day of April, 1926, the following order was signed by the undersigned judge and filed for record in the office of the clerk of the district court, Polk County, Iowa, and the same appears in the contempt calendar in the office of said clerk.

"'Now on this 30th day of April, 1926, it appearing to the court that Ross Sergio appeared in open court on the 21st day

of November, 1924, in response to a citation for contempt of court; that on said date the defendant Ross Sergio pled guilty to the charge of contempt of court, and that this court set the time for pronouncing judgment for the 28th day of November, 1925, and that, on the said 28th day of November, 1925, a decree was signed by the court and filed, and it further appearing to this court that the notation of the plea of the defendant, Ross Sergio, was not entered in the calendar at the time, it is therefore ordered that this order be entered *nunc pro tunc,* as of the 21st of November, 1925.'

"Hubert Utterback, Judge."

The petitioner filed in this court a motion to strike from the records the amended return and the respondent's amendment to the abstract filed herein, on the ground that the trial court "was without power, authority, or jurisdiction to enter said order, because said entry was after final judgment, after the term, after the removal of the proceedings to the Supreme Court by certiorari, and without notice to or knowledge of the petitioner herein or any counsel representing him * * *; that the purported order as shown in the respondent's amended return is, in fact, an attempted amendment to the final judgment of the lower court in said cause, the records and proceedings of which were removed to this court by a writ of certiorari."

If the petitioner's motion to strike is sustained, it is apparent, on the face of the original return, that the statutory requirement of a transcript of the evidence upon which the judgment of guilt is predicated, was not respected. When a judgment in a contempt proceeding is founded on evidence, such evidence must be in writing, and filed and preserved as part of the record in the case. Section 12547, Code of 1924.

The record, as shown by the return, is conclusive as to all matters questioned on certiorari. *Hatlestad v. Hardin County Dist. Court,* 137 Iowa 146; *Cooley v. Ayres,* 180 Iowa 740. The original return in the instant case fails to show that any evidence was taken, filed, and preserved on the contempt hearing, although the judgment entered recites that evidence was heard.

To determine whether there is a material departure from the statutory rule in this respect, reference must be made to the return of the respondent. *Gibson v. Hutchinson,* 148 Iowa 139. This is the function of the return. According to the judgment

entry, "the court inspected the files and heard the evidence."
The original return, as certified by the official shorthand re-
porter, recites that the return as made "is a full, true, and com-
plete transcript of the proceedings and orders had in the above
entitled case."

Clearly, the instant proceeding is an action "founded upon
evidence given by others," within the purview of the statute.
Section 12547. See *Teasdale v. Anderson,* 196 Iowa 673.

From the early case of *Skiff v. State,* 2 Iowa 550, we have
consistently held that the return must disclose whether the court
acted upon evidence given by others or upon its own knowledge,
and that the evidence or facts upon which the
court acted must be preserved and shown. In
the opinion of *State v. District Court,* 124 Iowa
187, these words are found:

2. CONTEMPT:
record: manda-
tory require-
ment.

"* * * it is made imperative that the particular act done or
words spoken in alleged contempt shall be, in substance, pre-
served in the record, in order that, upon review of the judgment,
the appellate tribunal may be put in possession of an accurate
history of the case from its inception. A failure to preserve
such record we have held sufficient ground for reversing a judg-
ment assessing punishment for contempt."

See, also, *State v. Utley,* 13 Iowa 593; *State v. Folsom,* 34
Iowa 583; *State v. Myers,* 44 Iowa 580; *Dorgan v. Granger,* 76
Iowa 156; *State ex rel. Aldrich v. District Court,* 133 Iowa 450.

To adopt any other rule at this time would simply create
confusion in our cases. *Gibson v. Hutchinson,* supra. In brief,
the rule of statute defined in Section 12547, Code of 1924, is in
plain and unambiguous language, and does not call for judicial
construction.

Was the trial court, without notice to the defendant and on
its own initiative, legally privileged to enter the *nunc pro tunc*
order after the issuance of the writ of certiorari by this court,
and to amend the original return so as to show that a plea of
guilty had been entered by the defendant (petitioner herein) in
the contempt proceeding? It cannot be questioned that the re-
turn of the respondent may be amended to show the facts as
established by the record. The record, however, when the return
was made, did not disclose the plea of guilty; and without the
order in question, which, in legal effect, amended the judgment

formerly entered, it is obvious that the writ must be sustained and the judgment annulled.

Section 12463, Code of 1924, reads:

"If the return of the writ be defective, the court may order a further return to be made, and compel obedience to the writ and to such further order by attachment, if necessary."

The original return in this proceeding was not defective. It disclosed the true state of the record, as certified by the shorthand reporter. The trial judge apparently discovered the fatal omission at a subsequent term of court, and subsequently to the issuance of the instant writ, and attempted to cure the situation in the manner indicated.

It is well established law that, after final judgment is entered, and the cause is taken to the Supreme Court for review, the lower court is without jurisdiction to amend its record, without notice to the adverse party. Section 12857, Code of 1924, provides:

"The lower court, the Supreme Court, or a judge of either court, may make any necessary orders to secure a perfect record or transcript thereof, upon a showing by affidavit or otherwise, and upon such notice as it or he may prescribe."

The foregoing provision is a statutory recognition of the power of the trial court to make an entry *nunc pro tunc* after an appeal is taken, or after some other method is adopted whereby the cause is removed to the Supreme Court for review.

However, in the instant case there was no notice given to the adverse party. This is essential. Prior to the enactment of the statute (Section 12857), a notice was required. *Eno v. Hunt,* 8 Iowa 436; *McGlaughlin v. O'Rourke,* 12 Iowa 459. See, also, *Turner v. First Nat. Bank,* 30 Iowa 191; *Cox v. Chicago & N. W. R. Co.,* 95 Iowa 54; *Snyder v. Fahey,* 183 Iowa 1118.

In *Buckwalter v. Craig,* 24 Iowa 215, it is shown that, pending the appeal in this court, upon motion of the plaintiff, and after notice to the defendant, the district court entered a *nunc pro tunc* entry to be made of record, to the effect that the parties consented at the trial term to try the cause in a certain manner. It is pointed out that, if the correction of the record was unwarranted, the adverse party may have the action of the lower court reviewed on appeal, and that this sufficiently protects his rights.

In *Hofacre v. City of Monticello,* 128 Iowa 239, it appears that there was an agreement between counsel which for some reason was not entered of record at the time it was made; and when the omission was discovered, defendant's counsel, at a subsequent term, made a motion for a *nunc pro tunc* entry of the agreement. The motion was resisted by appellee; but the court, after hearing the evidence adduced by the parties on the issue made, sustained the same, and made an entry of the agreement *nunc pro tunc.* No appeal was taken from this ruling, and it is pointed out that, "if the trial court had jurisdiction and authority to make it, it must be accepted as a verity." It is further said in the opinion:

"If there was no act done, then, of course, there can be no entry *nunc pro tunc.* If the act was in fact done, but the proper evidence thereof is wanting, it may subsequently be supplied so as to relate back to the time when the act was in fact done."

In the instant case, there is no record of the recited act, as set forth in the amendment, and we cannot presume that the act was done, and therefore predicate the right of the judge, without notice, to make a final entry now for then. There was no opportunity given to the defendant below to join issue on the amended matter, and it must be said that, at the time and under the circumstances the entry was made, the trial court had no jurisdiction to change the original record. See *Burnside v. Wand,* 170 Mo. 531 (62 L. R. A. 427); *Klein v. Southern Pac. Co.,* 140 Fed. 213; *People v. Wilmot,* 254 Ill. 554 (98 N. E. 973).

For the reasons stated, the petitioner's motion to strike from the records in this cause the respondent's amendment to the return to the writ of certiorari must be sustained. It is not contended by the respondent that the return, as originally filed, is sufficient *per se.—Writ sustained.*

STEVENS, FAVILLE, and VERMILION, JJ., concur.