Losing-, J.
delivered the opinion of the court:
In this case a trial has been had, a judgment rendered, and an appeal taken; and now a motion is made to vacate the appeal, that a new trial may be had on newly-discovered evidence. A like motion is made in several cases of a class of cases, for the purpose of detaining them here while the questions of law on which all depend may be determined in one of *281 the class in the Supreme Court. The motion, therefore, involves, many eases, and also a rule of practice which should be .definitely settled for future cases, and for these reasons we have considered it required consideration and an explicit decision.
The precise question is whether the court can vacate an appeal taken in open court and entered on the docket, for that perfects an appeal here, and we think we cannot.
An appeal from the judgment of the court is not subject to its discretion, nor in any way within it. It is the right of the party, to be used within the provisions of law, or forborne at his pleasure. And when taken it is his act, and the court cannot limit or modify its .legal consequences. By it the appellant, by his own act, suspends the legal effect of the judgment rendered, and removes the action from the jurisdiction of this, court and transfers it to the jurisdiction of the Supreme Court. And if this is the effect of the appeal, then it follows that, after it is taken this court has no more power over it than over any other action pending in the Supreme Court, and borne on its docket.
And that such is the effect of an appeal is shown by the fact that it can be dismissdd only by the appellate court. This it. expressly decided in Fuche v. Carter, (2 Sneed, Tenn., 1,) by the Supreme Court of Tennessee. And it is the reason of the rules of the Supreme Court which require that the action appealed should be entered in the Supreme Court, and a motion for its dismissal made there.
And the action appealed is removed from the jurisdiction of the inferior court, and transferred to the jurisdiction of the appellate court before its entry there, and from the moment fhe appeal is taken in the inferior - court and perfected. This is expressly decided in Foster v. Rucher, (26 Miss., 494;) and it is shown by the rule of the Supreme Court, which authorizes the appellee to enter the action on the appellant’s failure to do so, and thus assumes and exercises control over the action before its entry there.
So it is shown by the rule that after the appeal is taken parties are not chargeable with notice of any motion made in relation to it in the inferior court in open court, nor of anything done there. This is decided in Eno v. Hunt, (8 Iowa, 436.)
Again it is shown by the fact that after the appeal taken in the inferior court it has no power over the property involved *282 in tbe suit. Thus in admiralty, in a suit in rem, after an appeal taken in tbe District Court, it can make no order in relation to tbe property, for that follows- tbe. suit into tbe Circuit Court. (Hayland v. Griffith, 2 Blatch., C. C. R., 34; Telfair, 34, Case of The Seneca.)
And at tbe common law, where property was seized on execution and sold, and afterward an appeal was taken and perfected, it was decided that tbe inferior court could not affirm tbe sale, and therefore it was held void.
So, because tbe appeal taken below immediately removed tbe action from tbe inferior court, it was held that that court ■could not, after the appeal, direct even an amendment of its record or of the judgment, (8 Cal., 130; Bryant v. Berry, 12 Iowa, 144.)
And by a parity of reasoning, where a case appealed has ibeen beard in tbe appellate court, and by that remitted to tbe inferior court, the appellate court has no jurisdiction over tbe <5ase, and can make no order in it after tbe remittitur. (Seymour v. Luddy, 2 Oomst., 469.)
It was contended in support of tbe motion that by rules of practice a court could amend its record and vacate a judgment at any time during tbe term at which tbe judgment was rendered. This is true, because in such case tbe court is dealing •only with its own action and correcting its own mistake, or that of its officers. But an appeal is not tbe act of tbe court or of its officers, but tbe act of tbe party, and tbe exercise by him of a right over which the. court has no control and can exercise no discretion or authority. Tbe action is beyond tbe jurisdiction' of "tbe court in tbe one case, and not in tbe other.
For tbe reasons stated, and on tbe authorities cited, tbe motion to vacate tbe appeal in this case is overruled.
Tbe like decree will be made onthe-like motion in other cases.