Drake, Ob. J.,
delivered the opinion of the court:
On the 8th of May, 1872, the judgment of this court was rendered dismissing the petition of the claimant in this case.
On the 13th of that month the court adjourned over to the following 18th of November.
On the 6th of August, the last day of taking an appeal from *186 the judgment, the claimant filed in the clerk’s office of the court an application for an appeal.
On the same clay she filed in that office another and separate-paper, giving notice that, at the meeting of this court in November, she would move the court for a new trial, for certain-reasons, ten in number, therein set forth; “subject to which,, and to save her rights in the premises,” using her own language, “ the claimant enters a motion for an appeal-, which she-prays may be heldj under advisement until disposition of the-motion for a new trial.”
This paper was not brought to the knowledge of any member of the court until the re-assembling of the court on the 18th of November.
Meantime, in vacation, the Chief Justice of this court allowed the petition of the claimant for an appeal.
On the 18th of November the claimant filed in the court a ' paper purporting to be reasons for granting her a new trial ; and at the same time filed a motion to vacate the allowance of the appeal by the Chief Justice in vacation.
Upon these facts, evidently, the first point to be decided is, whether the case is so in possession of this court as that a motion by the claimant for a new trial can be considered. If the claimant’s appeal was'actually and completely taken, then it is clear in view of the decisions of this court, as well as of the Supreme Court,-that|the case is beyond our jurisdiction, and that we have no right or power to consider the motion for a new trial.
In United States v. Adams, (6 Wall., 101,) the Supreme Court held that the appeal was taken when the petition therefor was filed; though in that case no order for its allowance had been made by this court or by the Chief Justice thereof. If we chose to apply this rule in this case we should be justified in holding; that when the claimantfiled her petition for appeal the case was put beyond our power. The caveat filed with that petition could not have the effect of preventing the] allowance of the appeal by the Chief Justice even if he had known of its existence, much less could it serve to keep the case within our control after the appeal was allowed by him with no knowledge of its existence.
Aside, hoeever, from the question whether the appeal was fully taken when the petition therefor was filed, there can be no question that it was to every intent completely taken when the *187 allowance of the appeal was written on tlie petition by the Chief Justice. This is not disputed by the claimant, but she moves that the order of allowance be vacated and set aside.
Were the case now in the possession and under the control of this court, we might perhaps entertain this motion; but in view of our own previous ruling, and also that of the Supreme Court, we cannot do so.
In Stern & Oppenheimer's Case, (6 C. Cls. R., 280,) we held that when an appeal is taken and allowed,, the case is removed from the- jurisdiction of this court and transferred to the jurisdiction of the Supreme Court, and that this court has thereafter no power over it. And in Ex parte Russell, (13 Wall., 664,) the Supreme Court held that when an appeal is allowed, the case is, from the time of the allowance, out of the possession of this court and virtually in the possession and subject to the control of that court, even though the record of the case may not yet have reached it.
These discussions are in our view conclusive. When the order of the Chief Justice was made allowing the appeal, if not before, the case passed out of our jurisdiction, and we have now no power or right to set aside his order of allowance.
The claimant’s motion to vacate the allowance of the appeal. is overruled.