Mr. Chief Justice Chase
delivered the opinion of the court:
The main question arising on the motion before us is this:
Does the allowance of an appeal to this court by the Court of Claims, absolutely and of itself remove the cause from its jurisdiction, so that no order revoking such allowance can be made1?
The Act 3d March, 1833, authorizes appeals under such regulations as this court may direct, provided such appeals-be taken within ninety days after such judgment or decree. .
By our third rule, regulating these appeals, we directed that this limitation of ninety days should “ cease to run from the time of the application for the appeal.” In other words, the appeal was taken, in the sense of the act, when, the defeated party in the Court of Claims signified, by his motion for the allowance of an appeal, his desire to take one. But, by the same rule, we declared that an allowance by the court or the Chief Justice in vacation was essential to the perfecting of an appeal; so that there might be, between the motion for. the ' appeal and its allowance, an interval of time, greater or less as might be determined by the convenience of counsel, subject to the discretion of the court.
The judgment in the casebefpre us was rendered-on the 27th of February, 3871. On the 16th of May a motion for new trial was made, and on the 22d of the same month there was filed a motion for the allowance of an appeal. This motion was in *124 time, and, unless there be some rule of the Court of Claims to the contrary, we perceive no objection ta hearing the motion for new trial at any time after it was made, or, if that should be refused, to the subsequent allowance of the appeal.
It appears, however, that the attorney for the petitioners, apprehending some prejudice to his motion for new trial from the motion for an appeal, entered into a stipulation with the Assistant Attorney-General, representing the United States, which was hied with the motion for an appeal, that the latter motion should not injuriously affect the former, or prevent a full hearing and 'decision upon the merits.
Both motions were thereupon continued.
Subsequently, while both were pending, one of the counsel for the plaintiffs, not the attorney of record, and without the assent or knowledge of the attorneys of record, moved the court, on the 2d day of May, 1872, for the allowance of a¡n appeal as prayed by the motion of the 22d of May, 1871, and the appeal was allowed. As soon thereafter as the motion could be made, the same counsel moved for and obtained an order revoking this allowance. Afterward, the motion for new trial coming on to be heard, on the 22d November, the court refused to entertain it, on the ground that an appeal had been allowed on the 2d May, 1872, and that the cause having been thus removed from its jurisdiction, the subsequent order revoking that allowance was a nullity. The attorney for the petitioners then moved the court to strike out the allowance of appeal on the 2d of May, 1872, but the court refused to entertain that motion.
The question whether the court erred is now before ,us.
We are clearly of opinion that the Court of Claims had power to hear and ought to have heard and determined both motions, and that its order of revocation, made on the 8th of May, 1872, was within its jurisdiction.
That it ought to hear and decide the motion for new trial is obvious; for, when that motion was called up on the 22d of November, 1872, the order revoking the allowance of appeal stood itself unrevoked. A new order was necessary to get rid of its effect, Ás long as it remained on the record no question could be made of its operation.
But was it a nullity in fact ?
It cannot be denied that the order allowing the appeal was *125 improvidently made. It was moved for without authority, or, if with authority, under a total misapprehension of fact and in disregard of the stipulation entered into by the attorneys in the cause. Its effect was to destroy the previous motion for a new trial, contrary to the express terms of the agreement. It had hardly been made when the counsel who had inadvertently moved for it, moved for its revocation, and the motion was granted. We do not doubt the power or the propriety of that action. The whole record was still in the possession of. the Court of Claims; and the stipulation showing that the motion for an allowance of the appeal could not properly be disposed of before the motion for new trial had been heard and determined, was a part of‘that record.
We shall, therefore, award a mandamus, requiring the Court of Claims to hear, entertain, and decide the motion for a new trial, and also the motion to correct the records of that court, as set forth in the motion to this court made in behalf of the petitioners.