Nott, J.,
delivered the opinion of the court:
On the 1st June last, and during the present term, the court rendered a decision on the merits in this case, and among others found the following fact:
“ Frances A. Roberts, the widow of Charles M. Roberts, assigned November 8, 1882, all of her right, title, and interest in the patent to the claimant, Charles E. Creecy, and he is likewise the administrator of L. R. Burr, one of the original licensees ) but it does not appear that the legal representative of the estate of Charles M. Roberts has ever assigned the license acquired by Roberts to the claimant, and the court finds that *4 the damages for the infringement, or the royalty for the use, of the Schillinger patent in the laying of the concrete pavement around the Capitol remains vested in the estate of Charles M. .Roberts, deceased.”
The claimant now moves the court to find an additional fact upon new evidence, viz, to find that since the decision of the court was rendered the cause of action has been assigned to the claimant by the administratrix of Charles M. Roberts.
The defendants’ counsel objects, (1) that when the court ren-' dered its decision and ordered the case to be certified to Congress jurisdiction was lost; (2) that the claim now sought to be presented is a new claim, and not the one referred by the Committee on Patents of the House of Representatives; (3) that by the law of Indiana an administrator cannot sell and convey a claim of this nature by private sale.
The court is of the opinion that, upon the principle laid down bytheSupreme Court in the Roberts Mandamus Case (8 C. Cls. R., 118), jurisdiction of a Congressional case is not lost so long as the record remains in the clerk’s office and within the custody and control of the court. Whether in a Congressional case (where no final judgment is rendered) it is necessary that a motion for a new trial be made at the same term in which the decision is rendered is a question not involved in the present motion, and upon which no opinion is expressed.
The court is also of the opinion that the motion will not operate to change the cause of action. The claimant seeks to present the same claim by a new title. At common law that certainly could not be done. But in these Congressional cases it is more desirable that Congress be informed of the facts as they exist when a decision is rendered than of the facts as they existed when the claim was transmitted. Great liberality will therefore be exercised in allowing parties by proper amendments to present their cases in such manner as will best secure a just presentation of their legal rights.
The court is also of the opinion that the last objection of the defendants’ counsel goes to the merits of the case, and that the questions necessarily involved have been too obscurely presented to be determined upon a motion of this character.
The court therefore expresses no opinion as to whether the assignment now produced, bearing date'the 29th day of June, 1885, was sufficient to pass a valid title to a claim against the *5 United States from tbe estate of Charles M. Roberts to the claimant. Such a motion as this can be allowed only where the additional fact asked for was within the issues presented at the trial and is established by the evidence then before the court. Where, on the contrary, a party asks for an entirely new fact to be established by entirely new evidence, the adverse party is entitled to controvert the one and contradict the other. That can only be done by a proceeding in the nature of a new trial. {Calhoun’s Case, 14 C. Cls. R., 193; Neal & Murphy’s Motion, id., 477; Murphy’s Motion, 15 id., 217.)
It is therefore ordered that the case be remanded to the trial docket, with leave to the claimant to produce evidence concerning the matters set forth in his motion filed November 9, 1885, and with leave to the defendants to controvert the same.