Richardson, Ch. J.,
delivered the following opinion:
The claimant files his motion March 29,1893, as follows:
“Now comes the claimant, George E. Kirk, and states that at a former day of this term of the court this honorable court made an order in this cause granting an appeal to the Supreme Court of the United States.
“Claimant states that this appeal was erroneously and improvidently granted, and prays the court to set aside the order for the following reasons: That there are facts which the claimant considers to be proven and which he deems to be material to the due presentation of this case in the findings of fact, which facts, by inadvertence, the court was not requested to and did not include in its findings.
“And claimant files herewith his request for said findings.
“And claimant respectfully asks leave to file this motion, and upon hearing to have these findings included in and made part of the record. [Requests for findings marked A, B, C.]
*277 “A. That after the application and specification filed by Strong on March 9, 1874, as recited in findings yii, and after the letter of J. W. Marshall; Postmaster-G-eneral, of date July 29, 1874, the matter of Strong’s application remained pending in the Patent Office; that in consequence of the active interference of the Post-Office Department an inquiry in analogy to interference proceedings was instituted and carried to determination in thePatent Office upon the questions of public use and description in printed publication, and further upon the question of the letter box, which is the subject-matter of the suit herein, having been the invention of Samuel Strong; and all of these questions were decided after regular proceedings in favor of the patent, and the same was thereupon granted to the claimant as the assignee of said Strong.
. “(See Record, Decision of the Examiners in Chief on appeal November 22,1889, in the matter of the application of Samuel Strong, filed March 9,1874, for improvement in letter boxes; and Record, Supplemental Decision, December 14,1889.)
“B. Thatin connection with thecontract between Strong and the United States of February 18, 1870, a contract was executed between Strong and the Peekskill Plow Works for the manufacture of the letter boxes, to be furnished the Government for the sum of $2 per box for the smaller and $4 per box for the larger size, and that said contract received the approval in writing of the Postmaster-General indorsed thereon on March 9,1870; and that payments at these prices were made by the Government direct to the Peekskill Plow Works; and that the balance of the contract price, viz, $3.50 per box, was. paid by the Government to the said Strong.
“ (See Record, certified copy of contract and indorsement.)
“ 0. That after the expiration of the contract of February 18, 1870, the Government entered into the contract for the manu.-factuxe of these letter boxes at prices ranging from $3.25 to $2 for the larger box and from $1.40 to $1.80 cents for the smaller box.
“ (See Record, certified copies of contracts.)”
The facts upon which the motion is founded are these:
The claimant brought an action to recover compensation for the use by the United States of an invention claimed to be owned by him. The case was tried upon a voluminous record, ably argued by counsel on both sides, and thoroughly considered by the court. The result was that judgment was entered for the defendants, dismissing the petition, January 3, 1893, when a finding of facts was filed according to the rules. January 14,1893, the claimant made application for the allowance of appeal to the Supreme Court, accompanied with a *278 request for additional findings to be found by the court as therein specified, as follows:
i£And now comes the attorney for the claimant and moves this honorable court that he be granted an allowance of appeal to the Supreme-Court, under its rules of order and those of this honorable court;, from the decision of court dismissing the petition’ in said cause, made on January 3,1893.
“It is also hereby moved, as aforesaid, that, in accordance with the said rules of court and with the judgment of the said 'Supreme Court in the case of Mahan v. United States (14 Wall., 109), your honorable court will please to consider and find the facts as proven’ at the hearing of said cause in accordance with the said claimant’s ‘ request for findings of fact’ heretofore made, and to which the consideration of your honorable court is again respectfully called: The claimant’s request for said findings is to be found in the printed record of said cause, on pages 57 to 63, inclusive, and numbering from 1 to 17, inclusive, and to which the honorable court is most respectfully referred.”
Upon this motion the court made the following orders:
“The first request, for the allowance of appeal, is granted.
“The second request, for additional findings of fact, is overruled. The court has found all the facts established by the evidence as required by the rules of the Supreme Court.”
Thereafter, February 6,1893, the claimant moved the court to instruct the clerk to insert in the transcript of the record to be certified to the Supreme Court as follows:
“And now comes the attorney of record in the above cause and moves the honorable court that the clerk be instructed to add to the transcript of record, certified to the Supreme Court on the appeahallowed in said cause on January 14, 1893, certain ‘interlocutory orders’ of this court and the respective responses thereto, as hereinafter named, in accordance with Rule 1 of said Supreme Court, ‘under which appeals may be taken from this court.’
“Said ‘interlocutory orders’ and responses thereto are as follows, namely:
“1. ‘Order’ of date February 28, 1891, and ‘letter of response’ dated March 6,1891, found on pages 55 and 56 of the printed record used at the hearing in said cause.
“2. Order of Jaunaryl6, 1892, and response of January 21, 1892, bn pages 90 and 91 of said record.
“3. Order of December 2, 1891, and responses dated December 5 and 7,1891, on pages 88 and 89 of said record.
“4. Order of March 18,1892, and response dated March 22, ■ 1892, on pages 94 and 95 of said record.”
*279 Upon tbis motion tbe action of tbe court was as follows, February 8,1893:
“Overruled. These requests were not submitted to tbe court by tbe claimant before tbe trial, as required by Rule Y of tbe Regulations of tbe Supreme Court relating to appeals from tbe Court of Claims, and they embrace* evidence forbidden by tbe first rule of said regulations to be included in tbe findings.”
Thereupon tbe claimant took a transcript of tbe record as prepared by tbe clerk under tbe instruction of tbis court, and filed tbe same in tbe Supreme Court.
These facts show conclusively that tbe case has gone beyond tbe jurisdiction of this court, and that we can make no further orders therein until tbe appellate-court takes action and remands tbe case with directions according to its order.
Tbe learned counsel for tbe claimant cites many cases wherein it has been held that a court may alter and amend its records during tbe term of the court at which final judgment is rendered. That doctrine is familiar and in accordance with common practice, but applies only where tbe court has full control of tbe case, and not where an appeal has been taken and perfected by entry in tbe apjmlJate court. (Stearns and Oppenheimer’s Case, 6 C. Cls. R., 280 ; Robert’s Case, 15 Wall., 384, and 8 C. Cls. R., 118; Goddard v. Ordway, 101 U. S. R., 745, 751; Keyser v. Farr, 105 U. S. R., 265.)
Much reliance is placed upon tbe case of Reiter v. Lipscomb (141 U. S. R., p. 557). There, tbe complainant in a bill in equity relating to real estate, nearly two years after judgment bad been entered against him in tbe circuit court dismissing bis bill, 'without notice to the respondent, filed bis own affidavit to show that tbe value of tbe estate in dispute was more than $5,000, below which value no appeal would lie to tbe Supreme Court, and thereupon be asked for an appeal, which was granted without further evidence as to value. Thereupon tbe record was filed in tbe Supreme Court.
Thereafter, at tbe same term, tbe respondent in tbe circuit court filed counter affidavits and moved to set aside tbe allowance of appeal upon tbe ground that tbe value of tbe property was shown to be less than $5,000. The complainant was present at tbe bearing of tbe motion, which resulted in an order vacating tbe allowance. A supplementary record was pre *280 sented to tbe Supreme Court, including the affidavits, by stipulation of the parties. The Supreme Court dismissed the appeal, holding, in an opinion by Chief Justice Waite, that—
“ While the order setting’ aside the allowance of an appeal may have been ineffectual, because the case had passed out of that into this court, yet these affidavits of value, one by the plaintiff and sixteen by the witnesses of the defendant, were all filed in that court, filed for the purpose of determining the right to an appeal, and have all come regularly before us and are presented for our consideration. Although in a doubtful case we shall not disturb the ruling of a circuit court granting or vacating an appeal, yet when we are fully satisfied that the amount in controversy is not sufficient to give us jurisdiction, we ought not to attempt an inquiry into the merits of the case which is sought to be appealed.”
These words of the Chief Justice show very clearly that the Supreme Court did not dismiss the appeal on account of the vacating of its allowance by the court below, but because the affidavits of value were filed in that court for the purpose of determining the right of appeal, and were regularly before the appellate court for consideration. The decisions turned, not upon the validity of the order of the court vacating the appeal, but upon the affidavits, regularly before the court for consideration.
We doubt not that-the Supreme Court would remand this case upon motion therein with a certificate fi'om this court that the appeal was “ erroneously and improvidently granted,” as alleged by the claimant, but such certificate can not be granted.
Judgment was entered January 3, 1893. The claimant filed his application for appeal January 14, accompanied with a request for additional findings, practically the same as he now desires to be found if the court should regain jurisdiction. The appeal was allowed and the request for additional findings was “overruled because the court has found all the facts established by the evidence as required by the rules of the Supreme Court.”
He then filed, February 6, a motion that the clerk be instructed to insert documents which constituted the evidence on which the very facts he now wishes to be included in the findings are founded. This motion was also overruled February 8. The present motion was filed March 29.
*281 This statement shows that the application was neither erroneously nor improvidently granted, and the motion is overruled.
Nott, J., did not set in this case, but agreed to the opinion and decision of the court.