## Scott *ag ainst* Fields.

An action of debt will not lie upon a mortgage, which contains no express covenant to pay, and therefore creates no personal responsibility.

WRIT OF ERROR to the common pleas of *Erie* county.

William Fields against Andrew Scott. This was an action of debt upon a mortgage in common form. On the trial, the plaintiff offered to prove by parol, that there was no such bond given as that recited in the mortgage.

The defendant objected to the evidence, because it went to contradict the mortgage: the objection was overruled and exception taken. It appeared by the evidence that no bond was given as was recited in the mortgage, and the payment of which it was intended to secure. The court below was of opinion that the action could be maintained and so instructed the jury. Verdict for plaintiff for 2055 dollars.

*J. S. Riddle*, for plaintiff in error, cited, 4 *Kent's Com.* 145; 2 *Munf.* 337; *Cro. Jac.* 281; *Yelv.* 206; 2 *Mod.* 36; 1 *Bac. Abr.* 529; 2 *Binn.* 146; 3 *Watts* 352; 3 *Pow. on Mort.* 1114.

*Galbreath*, contra, cited, 1 *Chitt. Pl.* 103, 111 ; 1 *Saund. Rep.* 233 ; 2 *Chitt. Pl.* 434.

The opinion of the Court was delivered by

SERGEANT, J.—A mortgage, in its origin, was a conveyance of land, with a condition annexed that, on payment of a sum of money by the grantor to the grantee at a certain day, the conveyance should be void and the grantor become reinvested with his estate. In case of the non payment at the day, the remedy of the grantor was by a proceeding *in rem*, to recover the land if he was not put into possession, or by holding the possession if he already had it. It was never considered as binding on the mortgagor personally for the payment of the money ; for the text of Littleton, in treating of mortgages, is, that in all cases of condition for payment of a certain sum of money in gross touching lands or tenements, if lawful tender be once refused, he which ought to tender the money is of this quit and fully discharged forever afterwards. *Lit., sec.* 338. Lord Coke, in his *Commentary*, qualifies this by making a distinction. This, says he, is to be understood, that he that ought to tender the money is of this discharged forever to make any other tender : but *if it were a duty before*, though the feoffor enter by force of the condition, yet the debt or duty re-

maineth.　As if A borroweth 100 pounds of B, and after mortgageth land to B upon condition for payment thereof; if A tender the money to B, and he refuseth it, A may enter into the land, and the land is freed forever from the condition, but yet the debt remaineth, and may be recovered by action of debt.　But if A, *without loan, debt or duty preceding*, enfeoff B of land upon condition for the payment of 100 pounds to B in nature of a gratuity or gift, in that case if he tenders the 100 pounds to him according to the condition and he refuseth it, B *shall have no remedy therefor.*

The authorities and the reason of the thing seem to show, that a mortgage is not, of itself, an instrument by which a personal liability for the money is raised, and on which an action of debt or covenant can be maintained by the mortgagee against the mortgagor, but that his remedy on such mortgage is confined to the land itself which is put in pledge : yet that if there be any prior or accompanying cause of action which of itself creates a personal liability distinct from the mortgage, such as a loan, a bond, a note or other claim, the mortgage is not to be considered as merging such claim or demand, but is merely a collateral security.　Mortgages in this state are usually accompanied with a bond and warrant of attorney, as this purports to be.　Sometimes they are given to secure notes or other instruments, sometimes to secure warrants of indemnity, and sometimes in the naked simple-form of a mere mortgage given for the purpose perhaps of securing the debt of a third person.　And when they are given in any of these modes, it has never been supposed that an action of debt or covenant for the money would lie upon the mortgage itself, but the remedy of the party upon the mortgage is against the land and the land only.

In England it would seem to be the practice to insert in a mortgage, among other covenants, a covenant for the payment of the money : and in that case, no doubt, debt or covenant lies.　A covenant inserted in our mortgages would answer the same purpose : but it is not usual; the more common mode being to make use of a bond or separate instrument to show the nature of the debt.　It has been repeatedly held that the covenant must be an express one, and that no action will lie on the proviso or condition in the mortgage.　1 *P. Wms* 268 ; *Cro. Jac.* 281; *Yelv.* 206 ; 3 *Atk.* 278; 2 *Munf.* 337.

It is contended in the present case that there is in this mortgage an acknowledgement of a debt, which is a sufficient ground to maintain the action.　If there were such an acknowledgement of a prior debt, and no more, as for instance if it recited money borrowed, it would rather seem, from the authorities, that the action *in personam* should be on the contract by which the debt arose, and that no implied contract inferred from the mortgage will be sufficient. But here the acknowledgement is of a bond for the payment of a sum of money by instalments, and the mortgage is declared to be expressly given to secure the payment of the bond according to the

condition: the remedy then against the party must be upon the bond.   No contract of borrowing or loan can be implied in law from the mortgage as the foundation of the action when the contract between the parties is express and formal.   *Expressum facit cessare tacitum.*

It is alleged that no bond was given, and a witness was called who proved that the parties came before him to acknowledge the mortgage; that he did not see any bond ; and that he did not recollect any thing being said about a bond.   This evidence would seem to be altogether immaterial in this action ; it scarcely amounts to any proof of the fact that no bond was actually given : but if it were so, if the parties waived the bond, that could not alter the language of the mortgage, on which the action must be sustained, if at all sustainable.   And taking merely the language of the mortgage, destitute of any express covenant or agreement, it is not sufficient in law to render the mortgagor personally responsible.   The form and purport are for a different purpose.

Judgment reversed.