## NEWBURY v. RUTTER ET UX.

**Mortgage:** CONSTRUCTION OF: ACTION AT LAW. Where the debt was not evidenced by note, and the mortgagors covenanted that "we are justly indebted," etc., and that "if from any cause said property shall fail to satisfy said debt, interest. and charges, we covenant and agree to pay the deficiency:" *Held*, that the instrument amounted to an acknowledgment of indebtedness and a promise to pay, and that the mortgagee might maintain an action upon the debt without first foreclosing the mortgage.

*Appeal from Lee Circuit Court.*

THURSDAY, APRIL 9.

ACTION to foreclose a mortgage. A demurrer to the petition was sustained. The plaintiff appeals.

*Craig & Collier* and *H. Scott Howell*, for appellant.

*Wm. Ballinger* and *A. J. McCrary*, for appellees.

COLE, J.—The petition avers the execution of the mortgage, the payment of certain sums named, and that two hundred and forty dollars are still justly due thereon, and also states a cause for and asks an attachment. No note was given by defendants, but the mortgage is set out in full and is as follows, duly acknowledged.

MORTGAGE; construction of: action.

"Know all men by these presents, That we, Theodore Rutter and Lucy Rutter of the county of Lee, and State of Iowa, are justly indebted to A. B. Newbury of Lee county, and State of Iowa, in the sum of three hundred and thirty-two dollars and 50-100, being for the purchase money of one span of grey mares, harness for the same, and one two horse wagon.

Now for securing the payment of said debt, with interest from the date thereof, to the said A. B. Newbury, we do hereby sell, transfer and assign to the said A. B. Newbury, the property described in the following schedule, viz: The aforesaid two grey mares, harness and wagon, being the same chattels purchased in the month of April last, or thereabouts, of the said A. B. Newbury. Also we convey the following real estate, to-wit: The north-east quarter of the south-west quarter of section thirty-four, (34), in township sixty-seven, (67), north range five, (5), west, in the county of Lee and State of Iowa: Provided always and this mortgage is on the express condition that if the said Theodore Rutter shall pay to the said A. B. Newbury or order, the sum of three hundred and thirty-two dollars and 50-100, with interest thereon from date hereof at the rate of ten per centum per annum, payable in amounts as follows, to-wit: One hundred and ten dollars on the 1st day of December, A. D. 1870, and one hundred and ten dollars on the 1st day of December, A. D. 1871, and one hundred and twelve dollars and 50-100, on the 1st day of December, A. D., 1872, with interest as aforesaid, which the said Theodore Rutter hereby agrees to pay, then this transfer is to be void and of no effect; but in case of non-payment at the times above mentioned, together with interest as above specified, then the said A. B. Newbury shall have full power to enter upon the said premises of the said Theodore Rutter, the party of the first part, or any other place or places where the goods and chattels

aforesaid, may be, to take possession of said property, to sell the same at public or private sale, and the avails (after deducting all expense of the sale and keeping of the said property,) to apply in payment of the above debt, and in case the said A. B. Newbury shall at any time in his own discretion deem himself unsafe, it shall be lawful for him, and he is hereby authorized and empowered to take possession of said property, and to sell the same at public or private sale previous to the time above mentioned, for the payment of said debt, applying the proceeds as aforesaid, after deducting all the expenses of the sale and keeping of said property. If from any cause said property shall fail to satisfy said debt, interest, costs and charges, we covenant and agree to pay the deficiency.

In witness whereof we have hereunto set our hands this fifth (5), day of July, A. D. 1870. THEODORE RUTTER, LUCY RUTTER."

The demurrer assigned as causes that the petition and exhibits do not state a cause of action; that the exhibit shows the cause of action depends on a contingency which has not happened; that the petition and exhibits show that the property mortgaged must first be disposed of and applied to the payment of the debt, and the defendants to answer only for the balance, and do not show any disposition of the property. This demurrer was sustained, and thereon arises the only question for decision.

The mortgage itself says, "that we, Theodore Rutter and Lucy Rutter, * * are justly indebted to A. B. Newbury * * in the sum of three hundred and thirty-two dollars and fifty cents, being for the purchase of one span of grey mares, harness for the same, and one two-horse wagon." The effect of this distinct and express acknowledgment of indebtedness is not limited or restrained by the further agreement, contained in the last paragraph of the mortgage, that, "if, from any cause, said property should fail to satisfy said debt, interest, costs and charges, we covenant and agree to pay the deficiency." A fair construction of the whole instrument shows it to amount to an acknowledgment of indebtedness, and a promise to pay the same to A. B. Newbury or order, at

the times specified.    See *Elmore v. Higgins*, 20 Iowa, 250; *Banta v. Wood*, 32 Iowa, 469.

But further, our statute, Rev. § 3662, which was in force when this mortgage was made, and is the same as Code of 1873, § 3322, is as follows: "If the mortgaged property does not sell for sufficient to satisfy the execution, (for the sale of the mortgaged property) a general execution may be issued against the mortgagor, unless the parties have stipulated otherwise." In *Deland v. Mershon et ux.*, 7 Iowa, 70, it was *held*, that, where the mortgagors had executed the mortgage to secure the payment of a note made by others, that they were liable under this section for the payment of the debt, either from the property mortgaged or their general property. Under either view the judgment must be

REVERSED.