HOLIMAN *v.* HANCE.

Opinion delivered October 19, 1895.

LIMITATION OF ACTION—MORTGAGE DEBT.—A mortgage securing a debt not witnessed by separate writing, reciting a conveyance of land in consideration of a sum named, the receipt of which was acknowledged, and conditioned that if the amount specified be paid the mortgage shall be void, is barred by the three years statute of limitation applicable to open accounts, under the act of March 31, 1887, providing that the right to foreclose a mortgage is barred when the debt secured thereby is barred.

Appeal from Grant Circuit Court in Chancery.

ALEXANDER M. DUFFIE, Judge.

STATEMENT BY THE COURT.

On the 5th day of January, 1883, appellants executed under seal, acknowledged and delivered to Nancy Hance, appellee's intestate, an instrument expressed in the following language, to-wit:

"This indenture, made and entered into on this 5th day of January, A. D. 1883, between Elijah Holiman and Nancy Holiman, his wife, of the county of Grant and State of Arkansas, of the first part and Mrs. Nancy Hance, of the State of Arkansas and county of Grant, of the second part, witnesseth: That the said parties of the first part, for and in consideration of the sum of five hundred and ninety-four dollars ($594), the receipt whereof is here acknowledged, do grant, bargain, sell and convey, and by these presents do grant, bargain, sell and convey unto the second party, her heirs, executors or administrators forever, the following land lying in the State of Arkansas and Grant county, to-wit: The north-east quarter of section 15, township 4 south, range 14 west, containing 160 acres more or less, together with all and singular the hereditaments and

appurtenances thereunto belonging. And I, Nancy Holiman, wife of said Elijah Holiman, for and in consideration of the said sum of money, do release and relinquish unto the second party all my right of dower in and to said lands. To have and to hold the said granted premises unto the said party of the second part, her heirs and assigns, to her (their) only proper use. Conditioned, however, that if the first party should pay or cause to be paid to the second party $594, with ten per cent. interest per annum on the same, twenty-four months from date, then this mortgage to be void, otherwise to remain in full force and effect. In witness whereof, the parties to these presents have hereunto set their hands and seals the day and year first above written."

This mortgage was, from time to time, credited with the following amounts, to-wit: December 29, 1883, $4.20; December 16, 1884, $80; December 14, 1885, $130; October 20, 1887, $75—aggregating $289.20, leaving a balance due and unpaid on said mortgage the sum of $665.85, with legal interest thereon from judgment, or August 20, 1892, until paid. Said mortgage was filed for record 21st March, 1883. The mortgagee, Nancy Hance, died July 12, 1889, and appellee was duly appointed administrator of her estate, and, as such, instituted this proceeding to foreclose said mortgage, July 23, 1892.

The defendants filed the following answer, to-wit: That plaintiffs ought not to have and maintain their action herein, because they say that the same was to secure an account for five hundred and ninety-four dollars ($594) due twenty-four months after date, from the 5th day of January, 1883, and they have not brought their action to foreclose the said mortgage within the period of limitation prescribed by law for a suit on the debt or liability for the security for which it was given, and they plead the statute of limitation of three years

thereto, under the provisions of an act of the general assembly of Arkansas entitled 'an act to limit the time for bringing suits on mortgages,' approved March 25, 1889. And for further pleas and answer herein the defendants state that the land described and set forth in said mortgage was at the time of the execution of said mortgage, and is now, the homestead of said defendants, and that they are husband and wife, and resided on said lands as a homestead at the time of the execution of said mortgage, have ever since so resided, and do now so reside on the same, and neither the said mortgage nor the acknowledgment contain any alienation or statement of alienation as to said lands as a homestead ; and they state that no decree can be entered herein, or should be entered, against them so as to deprive them of the use of said lands as a homestead, and they do now claim the same as a homestead, as exempt to them from the operation of said mortgage or any decree under it. And, further, said defendant says that, in or about 1886, he delivered to the said N. C. Hance, the mortgagee, one horse at the price of $75, which has never been credited, a credit to which he is entitled, and defendants further state that said suit to foreclose said mortgage had not been brought on the 31st of March, 1887, and plead that bar under an act of the general assembly entitled 'an act to limit the time for bringing suits on mortgages,' approved March 31, 1887."

Plaintiff demurred to this answer, on the ground that it does not state facts sufficient to constitute a defense ; and because it is otherwise insufficient, and is no bar to plaintiff's right of recovery. The demurrer was sustained, decree of foreclosure rendered (the defendants declining to plead further), and this appeal was taken.

*Chas. T. Coleman* and *Met. L. Jones* for appellants.

There was no covenant in the mortgage, nor even a promise to pay the debt. A mere recital of the debt in the mortgage does not raise the note or other evidence from a simple contract to a specialty, or in any wise affect or change the operation of the statute of limitations. Wood on Lim. par. 322; Augell on Lim. par 92; 7 Wend. (N. Y.) 101; 2 Starkie, 234; 3 Com. Law Rep. 391; 28 Ill. 46; 4 Ad. & E. 195. The legislature has power to shorten the period of limitation upon existing causes of action, if a reasonable time is allowed the creditor to sue for and recover his debt. 95 U. S. 628; 104 *id.* 668; 105 Ill. 326; 2 Ind. 486; 13 Am. & Eng. Enc. Law, 695; 1 Wood on Lim. 38; Cooley, Const. Lim. 449.

*Wood & Henderson* and *E. H. Vance, Jr.*, for appellee.

The mortgage merely alleges that it was given to secure an *account*, for definition of which see Anderson's and Bouvier's dictionaries. The contract was in writing under seal, and the limitation was ten years. Mansf. Dig. sec. 4478 and Sand. & H. Dig. sec. 4822 do not apply, as the debt is evidenced by a writing under seal. 32 Ark. 410; 43 *id.* 464; 44 *id.* 102. The acts of 1887 and 1889 do not affect appellee's right to sue, as the mortgage contract is *the debt*, and it could not be barred before ten years. The last payment was October 20, 1887, and this formed a new period from which the statute began to run, and three years from that date was October 20, 1890, so the debt was not barred on the 25th of March, 1889, the date of the passage of the act, even if three years is the limitation. Nor would it have been barred in less than a year from the date of said act. Hence sec. 2 of said act does not apply, and the act stands, as against us, as having

made no allowance of time to bring suit, and is unconstitutional as to our client.    95 U. S. 628; 104 *id*. 668.

BUNN, C. J., (after stating the facts).    The determination of this case turns on the application of the statute of limitations to the facts.    These facts show that there is no separate writing evidencing the debt. secured by the mortgage, and also that, by reason of the payments and credits made by and given to the mortgagor on the debt secured, the statute of limitations, as from a new point, began to run on the 20th October, 1887; and this suit to foreclose was instituted on the 23d July, 1892,—the statute having run during the intervening time, to-wit: five years, four months and three days.

Under our statute, approved March 31, 1887, the right of action to foreclose a mortgage is barred after the same length of time as is the action on the debt secured thereby, and therefore it follows that the only inquiry in this case is, what is the limitation on the debt? and to answer this inquiry, what, if any, is the evidence of the debt sued for?    If the recitals in the mortgage, above and beyond those merely identifying the debt secured, are not sufficient to support a promise to pay, then it follows that the debt rests on no better foundation than as being a mere item of open account, and is barred in three years, and the plaintiff's action fails.

The general rule is that a mortgage is not the evidence of the debt, and for that reason, ordinarily, its recitals are not such as make a *prima facie* case of indebtedness on the part of the mortagor, upon which alone a personal judgment might be rendered against him.    *Scott* v. *Fields*, 7 Watts, 360; *Fidelity Ins. & Trust Co.* v. *Miller*, 89 Pa. St. 26; *Drummond's adm'rs*. v. *Richards*, 2 Munford (Va.), 337; *Tonkin* v. *Baum*, 114 Pa.

St. 414; *Smith* v. *Stewart*, 6 Blackford (Ind.), 162; *Weil* v. *Churchman*, 52 Ia. 253 ; *Shelden* v. *Erskine*, 78 Mich. 627; *Brown* v. *Cascaden*, 43 Ia. 103 ; *Newbury* v. *Rutter*, 38 Ia. 179; *Saunders* v. *Milsome*, L. R. 2 Eq. 573 ; *Marryatt* v. *Marryatt*, 28 Beav. 224 ; 1 Jones on Mortgages, sec. 70 ; 2 *id.* sec. 1225 ; 1 Pingrey on Mortgages, sec. 205 ; 2 *id.* secs. 1530, 2030 ; *Kimball* v. *Huntington*, 10 Wend. 675 ; and *Elder* v. *Rouse*, 15 Wend. 218.

The recitals in a mortgage, however, may be sufficient to support a promise, and if that were so in the case under consideration, the statute bar would be ten years, the same as that of the mortgage, and the decree should be affirmed ; but a majority of the court are of the opinion that the recitals are not sufficient to support a promise, and that the mortgage is not the evidence of the debt, and, therefore, that the statute bar is three years. Other questions raised it is unnecessary to consider.

Reversed and remanded, with instructions to overrule the demurrer.