COLEMAN *v.* FISHER.

Opinion delivered November 4, 1899.

MORTGAGE DEBT—LIMITATION.—A recital in a mortgage to the effect that it is on condition that whereas the mortgagor is indebted to the mortgagees in the sum of $590 evidenced by his 59 promissory notes, of $10.00 each, payable monthly to the order of said mortgagee, with interest from their dates until paid at the rate of ten per cent. per annum, is insufficient to support a promise to pay the sums mentioned; and, the notes referred to not having been executed, the promise rests in parol, and is barred by the three years' statute of limitation. (Page 29.)

Appeal from Pulaski Chancery Court.

DAVID W. CARROLL Chancellor.

*P. C. Dooley,* for appellant.

The mortgage itself is the foundation of the dealings of the parties and the source of the indebtedness. Equity will regard the notes as having all been executed. 61 Ark. 266.

*C. S. Collins* and *John Barrow,* for appellees.

The contract was usurious. 35 Ark. 52; 41 Ark. 331; 32 Ark. 346. As to plea of misjoinder of parties, see 44 Ark. 487.

BUNN, C. J. This case was decided by us some time ago (reported in 41 S. W. Rep. 49) but appellees showed to the court, after the decision was rendered, that the case had been prematurely submitted, because there had been no service of notice of the appeal and summons to them; and the judgment was thereupon set aside, and proper service of summons was served upon appellees as non-residents, and the cause afterwards redocketed and resubmitted. The facts involved are the same as when presented to us before, and no new issues of law are raised. With little additions, we adopt our former as the decision of this cause, and the same is as follows, towit:

This is a bill to foreclose a mortgage on a house and lot in the city of Little Rock, filed by appellant against appellees, on April 12, 1893, in the Pulaski chancery court. Answer and amended answer set up failure of consideration and partial failure of consideration and payment, non-joinder of parties plaintiff, statute of limitations and usury. Upon the pleadings and testimony in the case, the chancellor found generally "upon the whole case for defendant, and dismissed the bill for want of equity, and plaintiff appealed."

Appellee, J. W. Fisher, being in the employ of Smeeton, Coleman & Co. and receiving a weekly salary from them, in January, 1889, or just previously, purchased the lot in suit, and obtained money from his employers with which to pay for same, in whole or in part. In March following, desiring to build a residence on the lot, and otherwise improve it for a home, he entered into a contract with the said Smeeton, Coleman & Co. whereby they agreed to furnish him the money and materials to enable him to build the house, to the estimated amount of $500, including the amount they had already advanced to him to pay for the lot. This amount was secured by a mortgage on that day, to-wit: the 13th of March, 1889, executed and delivered to them by Fisher and wife, Dora, on said lot, and the improvements thereon, and to be placed thereon. It appears that the money and materials were to be paid and furnished as Fisher should need them. The recitals of the mortgage setting forth the contract read thus: "This sale is on condition that whereas, the said J. W. Fisher is justly indebted unto the said Smeeton, Coleman & Co. in the sum of five hundred and ninety dollars, evidenced by his fifty-nine promissory notes of ten dollars each, payable monthly to the order of said Smeeton, Coleman & Co., with interest from their dates until paid, at the rate of ten per cent per annum."

It appears that only 11 of these notes were actually given, and the 11 were all dated the 19th January, 1889, and due and payable on the 19th of February, March, April, May, June, July, August, September, October, November, and December next following, and these 11, except the two (2) due April and May, are all marked "Paid," and they are doubtless settled also,

but by oversight not marked "Paid;" so that all the installments due prior to December 20, 1889, were settled or barred by statute of limitations, and the estimated amount of the debt was thus reduced to the sum of $480, to be paid in installments as aforesaid, the first due the 19th of January, 1890, and the other monthly thereafter.

In *Holiman* v. *Hance*, 61 Ark. 115 (32 S. W. Rep. 488) we held that "the general rule is that a mortgage is not the evidence of the debt secured thereby, and that for that reason, ordinarily, its recitals are not such as make a *prima facie* case of indebtedness on the part of the mortgagor to the mortgagee, upon which alone a personal judgment can be rendered against him. The recitals in a mortgage, however, may be sufficient to support a promise, and, if that was so in the case under consideration, the statute bar would be ten (10) years, the same as that applicable to the mortgage itself, and the decree should be affirmed; but a majority of the court are of the opinion that the recitals are not sufficient to support a promise, and that the mortgage is not evidence of the debt, and that therefore the statute bar is three (3) years."

As in that case, so in this, we think the language the of recitals is not sufficient to support a promise, and the contract, except as to the 11 notes, rests in parol, and can only be established by extraneous evidence, and that the statute of limitations of three years is applicable to the other installments of the debt, as upon separate items of account, and that such of them as were due more than three years before the institution of this suit are barred, and that such of the others as may be found justly, after proper payments may have been allowed as credits and deducted, should be the true subjects of the judgment herein.

Neither the plea of usury, nor the evidence adduced to sustain it, is sufficient to affect this matter with usury.

The evidence, on the other hand, does not satisfactorilly show that plaintiff has acquired from his co-partners their interests in the debt and mortgage sued on, and the exclusive owner thereof. The others are therefore necessary parties, and should be made such.

The decree of the chancellor is therefore reversed, and the cause remanded, with directions to permit plaintiff to amend and make the other members of the firm of Smeeton, Coleman & Co., or their legal representatives, parties in this cause, and to ascertain which of said installments were not barred at the institution of this suit, and to find and decree accordingly.