PARIS *v.* WEBB.

(*Nashville.*    March 3, 1900.)

1. LIMITATIONS, STATUTE OF.   *Begins to run, when.*

Where a deed absolute in form is, at the instance of the maker and upon parol proof, declared a mortgage, the statute of limitations begins to run against the rights of the vendee or mortgagee only from the date of such declaration.   (*Post, pp. 124, 125.*)

2. MORTGAGES AND DEEDS OF TRUST.   *Foreclosure sale not ordered, when.*

Although the Court finds that a deed absolute in form was in fact a mortgage, foreclosure sale of the property will not be decreed at the suit of the maker after the lapse of ten years, where it clearly appears that the land is not of value sufficient to satisfy the claim of the vendee or mortgagee.   (*Post, pp. 125, 126.*)

---

FROM DEKALB.

---

Appeal from the Chancery Court of DeKalb County.   T. J. FISHER, Ch.

WADE & ROBINSON for Paris.

WEBB & CANTRELL for Webb.

GRIGSBY, J.   Complainant, Eilzabeth Paris, filed her bill in this cause on February 7, 1899, averring that she and her husband joined in an

instrument conveying to B. M. Webb a certain tract of land in DeKalb County, on which they lived, and which was a homestead, being all the land they were possessed of, alleging that this deed was for the purpose of securing said Webb in certain fees due him as attorney for the husband, and for other purposes named in the deed; that these purposes had been fully met and discharged; that she and her husband separated some seven or eight years before the filing of the bill in this case, and that he had remarried; that she had lived on the land as a homestead for over seven years, and she was entitled to be quieted in her possession of the same; that Webb had contracted or sold the land to one Petty; that he be enjoined from interfering with her in the peaceable possession of the land. She further claims that if the debts set out in the instrument were not paid, that the instrument was, to say the least of it, only a mortgage to secure the debts, and that the enforcement of its power to sell was barred by the statute of limitations of ten years, consequently she was entiteld to the possession of the land.

Defendant Webb answered, and filed a cross bill, in which he set out the instrument executed to him by Madison Poss and his wife, Elizabeth Poss, now Elizabeth Paris, in which instrument it is stipulated that the deed was not a mortgage,

not a deed of trust or lien, but an absolute deed, with the privilege of repurchase within eight months from date of same; also claiming that the complainant, Elizabeth, and her husband, before the separation, were his tenants, agreeing all along to pay him reasonable rents, etc.; that the consideration set out in the deed was the services rendered the husband in his defense in criminal prosecution; that the repurchase clause required the said makers of the deed to do something other than to repay the amount of the consideration, and asked that he be decreed the possession of the land under his deed.

It appears that the deed was properly signed, acknowledged, and recorded. Also that the complainant made payments to Webb of small amounts, aggregating $40.

The Court of Chancery Appeals held the paper a mortgage, citing *Burnett* v. *Holt,* 2 Yer., 8; *Blozzons* v. *Cragmiles,* 7 Lea, 693. Also holding that no relief could be given Webb, for the reason that ten years had expired since the making or execution of the mortgage, and that the statute of limitation barred the enforcement of the same.

We think the Court of Chancery Appeals in error. It was, perhaps, proper, on application of an interested party seeking benefits under and by virtue of the deed being declared a mortgage, to so hold. The statement in the deed (although

Paris *v.* Webb.

it stipulates that it is an absolute deed), taken in connection with the proof in the case, warrants the Court of Chancery Appeals in converting the paper writing into a mortgage, but to hold that a party who executed, or was a party to the execution of, the deed that recites on its face that it is an absolute deed, can come into a Court of Equity, ask and obtain an equitable conversion in order that benefits may be derived, and then set up the statute of limitation, would be inequitable. We think that, as between the makers of the deed, the statute of limitations would begin to run from the decree converting the deed into a mortgage, where the deed purports upon its face to be an absolute deed. This being so, and the deed in question being susceptible of the construction placed upon it by the Court of Chancery Appeals, it naturally follows that plaintiff in the cross bill, B. M. Webb, would have the legal right to enforce his lien by a sale of the land under the terms and conditions usually granted in such cases, but on an inspection of this record, it clearly appears that the land would not bring at a sale the reasonable fee of defendant, Webb, which is placed by the Court of Chancery Appeals at $300. It is shown that it was sold by Webb for $175, and offered to one of the sons of complainant for about $140. Taking it all together, we can see no benefits to be derived

by a judicial change of this deed from what it purports to be on its face to a mortgage. Consequently, the decree of the Court of Chancery Appeals is reversed, the bill of complainant dismissed, and defendant Webb, under his cross bill, given relief to the extent of declaring the land in litigation his property by virtue of the deed executed to him by Madison Poss and wife, Elizabeth Poss.

A writ of possession will issue in accordance with this holding. The complainant will pay the cost of this cause.