### HUFF v. LYNDE-BOWMAN-DARBY CO. (LUCKEY, Intervener).

No. 9368—Opinion Filed Oct. 1, 1918.

(175 Pac. 250.)

1. **Limitation of Actions — Foreclosure — Law in Force in Indian Territory.**

This action arose in Indian Territory prior to statehood, and under the law then in force, after the year 1887, a right of action to foreclose a mortgage was limited to the same length of time as an action on the debt secured thereby.

### 2. Same—Action to Declare Deed a Mortgage.

One cannot come into a court of equity and invoke the powers of the court to declare a deed a mortgage, and then interpose the plea of the statute of limitations against the mortgage, for in that state of case the statute of limitations only begins to run from the date of the decree converting the deed into a mortgage.

(Syllabus by Hooker, C.)

Error from District Court, Wagoner County; R. P. De Graffenreid, Judge.

Action by the Lynde-Bowman-Darby Company against J. L. Huff, in which Thomas Luckey intervened. Judgment for plaintiff. and defendant brings error. Affirmed.

Jay A. Anderson, for plaintiff in error.

Grant Foreman and J. D. Simms, for defendant in error.

Opinion by HOOKER, C. The essential facts in this case may be gathered from the findings of fact made by the trial court: That on July 19, 1904, Thomas Luckey and wife conveyed by warranty deed to W. S. Fears, for a consideration of $900, the real estate involved in this action, but said deed was intended by the parties as a mortgage; that on the 16th day of January, 1906, Fears conveyed the same to another by a similar deed, and on the 15th day of July, 1907, the defendant in error, Lynde-Bowman-Darby Company, had conveyed to it by like conveyance this property; that all of said conveyances were properly recorded, and were but assignments of the interest of Fears in said property, and were made with knowledge of the true interest acquired by Fears by virtue of the warranty deed to him in 1904. In January, 1905, Luckey and his wife conveyed this property by warranty deed to J. L. Huff, subject to the rights of Fears, and about the same time Luckey and Huff tendered to Fears the amount of money due him which he refused to accept. In October, 1907, Luckey and Huff made a settlement of a suit which Luckey had filed in the United States court at Muskogee against Huff, growing out of transactions had between them relative to this property, and in said settlement it was agreed that upon the dismissal of said suit of Luckey against Huff, in favor of Huff, the said J. L. Huff would pay off the mortgage now held by the said W. S. Fears, said mortgage being in the form of a warranty deed of date July 19, 1904, for a consideration of $900, and that thereby Huff obligated himself to pay said mortgage; that demand of payment has been made on Luckey and Huff, but refused; and

that the defendant in error is the owner of said claim, and there is now due thereon the sum of $1,381.50, which is a first lien upon said property. And the court concluded, as a matter of law, that the deed from Luckey to Fears was a mortgage, and that J. L. Huff, by the acceptance of his deed from Luckey subject to the right of Fears, and by virtue of the settlement of the action in the United States court instituted by Luckey against Fears, has thereby obligated himself to pay said mortgage, and is estopped from claiming any right or benefit by virtue of the tender made by Luckey to Fears in 1905, and the court thereupon ordered that the plaintiff below have a judgment foreclosing its mortgage upon said premises for said sum, and ordering a sale of said property to be made to satisfy the same.

The plaintiff in error urges that this cause should be reversed, for the reason that the plaintiff below in attempting to foreclose its real estate mortgage, did not make the maker a party to the action, because the action was tried upon the issues joined between the company and the plaintiff in error, and because a personal judgment was rendered against Luckey, and only a judgment for residue against Huff. If there be any merit in the contention of the plaintiff in error, it would seem that, inasmuch as Thomas Luckey himself intervened, the error, if any, was thereby cured, and as to the rendition of the personal judgment against him, if there be any error, he himself only could complain thereof.

It is further recited by the plaintiff in error that the tender made by Luckey in January, 1905, to Fears, in full satisfaction of the amount due, operated as a release of the mortgage lien. It will be noticed that Luckey made this tender to Fears, and Luckey in this action does not rely upon the tender and seeks to avoid the enforcement of any liability against him by virtue thereof; but in his pleading he specifically asks this court to enter a decree giving to Fears a lien upon this property for the amount of the debt due by him, and it will be further noticed that in the settlement of the case that Luckey had instituted against Huff over this property, in 1907, in said settlement, that Huff agreed and obligated himself to pay the Fears debt, the description of which was amply sufficient to justify the court in holding that the obligation sued upon here was the one which Huff, as a part of his consideration for said property, agreed to pay. It therefore follows that there is no merit in the contention raised by him here that the effect of the tender aforesaid was to release this lien.

It is further asserted by the plaintiff in error here that the cause of action of the plaintiff below was barred by the statute of limitation of the state of Arkansas, as defined by chapter 97, Mansfield's Digest of the Laws of Arkansas, 1884, then in force in the Indian Territory, and it is urged by him that the cause of action upon this debt accrued on July 19, 1904, the date of the execution of the mortgage, or in January, 1905 when this tender was made, and that inasmuch as this suit was not filed until September, 1912, the same was barred by the statute of limitations, and the trial court committed an error in not so holding, and that the amendment to the petition below which was made on January 26, 1916, whereby the plaintiff below amended his petition, so as to plead the supplemental stipulation made between Luckey and Huff in May, 1907, in settlement of their suit in court, was likewise filed after the statute of limitation had barred the cause of action, as the statute of limitation, when applied to new causes of action, treats the action as commenced when the amendments are filed, and that such amendments do not relate back to the beginning of the suit, and cite Wheeler v. City of Muskogee, 51 Okla. 48 151 Pac. 635. It is further urged by plaintiff in error that the plaintiff below was not entitled to any relief here, because it did not tender a reconveyance of the land conveyed by said mortgage deed.

This contention is not sound, for a court of equity, in order to do justice between the parties here, had the power to compel the plaintiff to do equity before granting to it any relief. In Schearff et al. v. Dodge, 33 Ark. 340, the Supreme Court of that state said:

"Payment or tender of payment at the time mentioned in the condition of the mortgage, or payment before them, saves the breach of the condition, and discharges the lien and revests the legal estate in the mortgagor. In cases of tender, the debt still subsists as a personal liability against the mortgagor. But in the case of a sale by title bond, neither tender nor payment of the purchase money divests the legal title of the vendor, nor does tender extinguish his lien on the land."

The defendant in error here contends that although the debt may be barred by the statute of limitations, still the plaintiff below could enforce its lien and have a foreclosure of its mortgage, and cites in support thereof Coldcleugh v. Johnson, Adm'r, et al., 34 Ark. 318, wherein the court of that state said:

"The debt itself would appear to be barred. * * * But the bar of the debt does not necessarily preclude a mortgagee, or vendor, retaining the legal title, from proceeding, in rem, in a court of equity to enforce his specific lien upon the land itself. * * * He ceases, in such case, to claim a debt, but claims instead thereof, that he has a right to hold and enforce his legal title, unless a certain sum of money be paid. Unless the defendant can show that the lien has been in some way discharged and extinguished, or lost upon some equitable principles, such as estoppel, he can only interpose the bar of adverse possession of the land, for such time as would bar the action at law for its recovery."

This seems to be the law of the state of Arkansas prior to 1887, when an act of the Legislature limited the right of actions to foreclose a mortgage to the same length of time as an action on the debt secured thereby; and that court, in the case of Holiman v. Hance, 61 Ark. 115, 32 S. W. 488, said:

"A mortgage securing a debt not witnessed by a separate writing, reciting a conveyance of land in consideration of a sum named, the receipt of which was acknowledged, and conditioned that if the amount specified be paid the mortgage shall be void, is barred by the three-year statute of limitation, applicable to open accounts, under the act of March 31, 1887, providing that the right to foreclose a mortgage is barred when the debt secured thereby is barred."

It will be noticed in this case that Huff in his answer alleges that this deed by Luckey to Fears in 1904 was a mortgage, and he asks the court to construe the same as a mortgage, and that this mortgage lien be discharged and canceled as a cloud upon his title, and that he have a judgment for his costs, etc. So the question presents itself: Can one come into a court of equity, and ask that a deed be construed as a mortgage, and then plead the statute of limitations in bar of a foreclosure of that mortgage? We think not. This question was before the Supreme Court of Tennessee in the case of Savage v. Gaut (Tenn. Ch. App.) 57 S. W. 174, wherein the court of that state said:

"In addition to this, the Supreme Court, in the case of Paris v. Poss (decided on the 3d day of March of the present year) 104 Tenn. 122, 56 S. W. 835, used the following language: 'To hold that a party who executed or was a party to the execution of a deed, can come into a court of equity, ask and obtain an equitable conversion, in order that the benefits may be derived, then to set up the statute of limitations would be inequitable. We think, as between the makers of a deed, the statute of limitations would begin to run from the decree converting the deed into a mortgage, where the deed purports upon its face to be an absolute deed.'

It is substantially held in that case, where a transaction on its face is a deed, and is subsequently declared by the court to be a mortgage, the statute of limitations does not begin to run until such decree. It results, therefore, that, even if the deed in the present case had been, by oral agreement of the parties, a mortgage from the beginning, the statute of limitations would not begin to run except from the date of the decree declaring it a mortgage; the deed, as here, being absolute upon its face. In the present case, as already stated, the bill on its face did not admit the transaction to be a mortgage, but the defendant Miss Saunders comes in by cross-bill, and seeks to have it declared a mortgage. Therefore both reasons given in the opinion of the Supreme Court in the case just referred to will apply; that is, that it would be inequitable to allow a party to come in, and have a deed declared a mortgage, and get the benefit of such judicial declaration, and at the same time plead the statute of limitations; and also the point that, where the transaction is on its face expressed by an absolute deed, the statute of limitations would not, in any event, begin to run until the date of the decree declaring it to be a mortgage."

Applying the rule announced in this case to the facts here, we are of the opinion that Huff has placed himself in a position so as to come within the rule, and we are therefore of the opinion that the statute of limitation as relied upon will not apply.

There being no error in this record, the judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.